THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. SAMMIE STRICKLAND, Defendant-Appellant.

(No. 12373;

Fourth District—November 27, 1974.

John F. McNichols and J. Daniel Stewart, both of State Appellate Defender's Office, of Springfield, for appellant.

C. Joseph Cavanagh, State's Attorney, of Springfield (J. William Roberts, Assistant State's Attorney, of counsel), for the People.

Mr. JUSTICE SIMKINS delivered the opinion of the court:

Defendant, Sammie Strickland, appeals from a sentence imposed upon him of 6 to 18 years after revocation of his probation. The only issue presented to this court is whether the trial court abused its discretion in imposing such a sentence upon probation revocation.

On May 26, 1972, defendant pleaded guilty to the offense of robbery in violation of section 18—1 of the Criminal Code (Ill. Rev. Stat. 1971, ch. 38, par. 18—1). Pursuant to plea negotiations with the State defendant was sentenced to 3 years' probation conditioned upon 6 months' imprisonment. Defendant was 17 years of age at the time of the offense, and the charge arose from a purse-snatching incident in Springfield, Illinois. On April 27, 1973, a six-count petition to revoke probation was filed alleging that defendant had committed the offense of burglary, various thefts, and had obtained control over a stolen vehicle (in addition to failing to report to his probation officer). The revocation petition set forth the particulars of the various acts alleged. A hearing was held on May 29 and 30, 1973, and defendant was found guilty of violating his probation on all counts. A sentencing hearing was held on July 2, 1973, at which time the State presented no evidence in aggravation but did request a 6- to 18-year sentence stating "* * * But, in light of the fact that the defendant was *convicted* of charges, and a total, I believe, Your Honor, of six different charges, all constituting felony offenses involving three entirely separate and distinct incidents, I believe, your Honor, that the appropriate penalty is in fact incarceration * * *." (Emphasis added.) The presentence report of the probation officer recommended incarceration. Defense counsel presented no evidence in mitigation but did state that defendant was now 18 years of age and would like to continue on probation in order to secure a job and get married. The court then stated:

"The Court: I can't do that [set aside the order revoking proba-
tion]. I think with all of the violations that the defendant has
committed, that he is guilty of—uh—a conduct that justified my
revoking his probation and I don't think I should set it aside.'

Defendant was then sentenced to 6 to 18 years' imprisonment with credit
for over a year spent on probation.

■■ Defendant contends that the trial judge abused his discretion in
imposing sentence. On the basis of the record before us, we agree. In
*People v. White*, 93 Ill.App.2d 283, 288, 235 N.E.2d 393, 396 (4th Dist.),
this court stated:

"It is clear that upon revocation of probation, sentence may be
imposed for the original offense upon the conviction of which
defendant was granted probation. If the act alleged to be a viola-
tion of probation constitutes another crime and sentence is to be
imposed for the subsequent act, the defendant should be tried for
such crime and sentence imposed under the orderly criminal
processes. This does not preclude sentence on the original offense
and the distinction is drawn so as to obviate any question of
double jeopardy. [Citation.]

This court went on to state that an appellate court is compelled to
scrutinize the sentence imposed by the trial court where an examination
of the record reveals that in the sentencing process "there was a com-
mingling of matters relating to the original offense with the conduct
allegedly constituting the violation of probation   *   *   *."

On the basis of the record before us in the instant case, we feel com-
pelled to closely scrutinize the sentence imposed because of the possi-
bility of such commingling. Defendant was 17 years of age when the
offense was committed, no physical injury resulted to the victim of the
crime, and it was defendant's first offense. At the sentencing hearing the
State presented no evidence in aggravation but did call to the court's
attention the fact that probation had been revoked because defendant
was "convicted" of six different charges. Nevertheless, the record does
not disclose any disposition of the six counts giving rise to the probation
revocation. The court made no finding in imposing sentence except to
state that defendant was not justified in returning to probation because
of his probation violations.

■■ The offense of robbery is a Class 2 felony for which "the mini-
mum term shall be 1 year unless the court, having regard to the nature
and circumstances of the offense and the history and character of defen-
dant, sets a higher minimum term   *   *   *." (Ill. Rev. Stat. 1973, ch.
38, par. 1005—8—1(c)(3).) In imposing sentence, either initially or
upon revocation of probation, the penalty provisions for the offense in

question and the statutory reasons for increasing the minimum sentence should be the guiding light. However, a trial judge may consider a defendant's conduct while on probation in order to reflect the court's reassessment of defendant's "rehabilitation potential." (*People v. Ford*, 4 Ill.App.3d 291, 280 N.E.2d 728.) Nevertheless, the sentence imposed here cannot be explained under any of these relevant factors, and the possibility of an improper commingling of the initial offense and the conduct giving rise to the probation revocation is clearly present. Therefore, a new sentencing hearing is required.

Accordingly, the sentence is vacated, and the cause is remanded for a new sentencing hearing in conformity with the views expressed herein.

Reversed and remanded.

SMITH, P. J., and TRAPP, J., concur.