THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* DOUGLAS L. KOPPEN, Defendant-Appellant.

(No. 74-28;

Second District (1st Division)—June 6, 1975.

Ralph Ruebner, of State Appellate Defender's Office, of Elgin, for appellant.

William J. Cowlin, State's Attorney, of Woodstock (James W. Jerz and Edward N. Morris, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. PRESIDING JUSTICE SEIDENFELD delivered the opinion of the court:

Upon his plea of guilty, the defendant was convicted of aggravated incest (Ill. Rev. Stat. 1971, ch. 38, par. 11—10) and sentenced to 3 years' probation. After completing almost two-thirds of his probationary period the defendant was charged with similar acts of aggravated incest involving his adopted daughter. After a hearing his probation was revoked and he was sentenced to 5-15 years in the penitentiary. He appeals, contending that the classification of father-daughter incest as aggravated incest is arbitrary and discriminatory and therefore unconstitutional. He also argues that the sentence is excessive for the original offense and, in fact, punishes him for subsequent offenses.

Defendant's challenge to the constitutionality of the statute is not an issue which we may properly review. Defendant pled guilty to the statutory charge of aggravated incest, raising no question as to the constitutionality of the statute, and thereafter did not appeal from his conviction. It is clearly established that where there is no appeal from a judgment of

conviction that judgment cannot be reviewed on an appeal from an order revoking probation. (*People v. Fitzgerald* (1975), 25 Ill.App.3d 973, 975.) This is true even where a defendant seeks to challenge the constitutionality of the statute under which he was originally convicted. *People v. Johnson* (1973), 12 Ill.App.3d 511, 512.

■■ Defendant is further barred from raising the issue because he has sought to do so for the first time in a court of review and without having presented the question to the trial court. (*People v. Amerman* (1971), 50 Ill.2d 196, 197.) Although the defendant does not cite *People v. Frey* (1973), 54 Ill.2d 28 (consolidated with *People v. Mirmelli* (1973), 54 Ill.2d 28), we briefly note that in *People v. Graves* (1974), 23 Ill.App.3d 762, the court indicated that *Frey* had impliedly overruled *Amerman*, with the attendant result that the constitutional issue could now be considered for the first time on appeal. We do not agree that *Amerman* has been overruled. In *Frey*, the defendant had preserved the constitutional question of the validity of the Illinois Abortion statute by a motion to dismiss his indictment in the trial court. Following the decision of the United States Supreme Court in *Roe v. Wade* (1973), 410 U.S. 113, 35 L.Ed.2d 147, 93 S.Ct. 705, the Illinois Supreme Court consolidated Mirmelli's case and ruled on the constitutional issue raised therein despite his failure to first raise the issue in the trial court. This, however, does not justify the conclusion that *Amerman* was thereby overruled.

It is only where the unconstitutionality of a statute has first been established that it becomes a matter of fundamental justice to apply the ruling to subsequent (or consolidated) cases on appeal even though the issue has not been raised in the trial court. This is illustrated by *People v. Sarelli* (1973), 55 Ill.2d 169, which was reviewed by the Illinois Supreme Court after the opinions in *Frey* and *Mirmelli*. In *Sarelli*, the court applied *People v. McCabe* (1971), 49 Ill.2d 338, which had held the marijuana statute unconstitutional, to excuse a waiver in a post-conviction proceedings even though the issue had not been raised by *Sarelli* in the trial court or on direct review. The *Sarelli* opinion did not refer to either *Amerman* or *Frey*. Yet, if *Frey* had overruled *Amerman* the supreme court could merely have held that the voidness of the statute was a jurisdictional question which could be raised at any time; the opinion, however, made no such reference. We are in agreement with the holding in *People v. Nelson* (1975), 26 Ill.App.3d 227, 230, that the *Frey-Mirmelli* case has not overruled *Amerman*.[1]

---

[1] In *People v. Copus* (1975), 24 Ill.App.3d 1045, this court in an abstract opinion relied on *People v. Amerman* for the rule that the question of the constitutionality of the statute is properly preserved for review only when it has been raised in and passed upon by the trial court. The defendants had cited *Grasso v. Kucharski* (1968),

For these reasons we hold that defendant has waived the constitutional issue which he seeks to raise for the first time in this appeal.[2]

The defendant next claims excessiveness of sentence, and we have examined the record on this issue. We note also that the State has not answered this issue.

Defendant originally pled guilty to performing a single act of sexual intercourse with his step-daughter in 1971 who at that time was age 13. Defendant was then 30 years of age. There was evidence that he was drunk at the time of the incident and that his alcoholism was the probable cause of his behavior. His criminal history at the time of the grant of probation included certain traffic offenses and a single conviction of burglary in Wisconsin some 15 years earlier. Based upon the recommendation of the probation office and a clinical psychologist defendant was placed on probation for 3 years.

In 1973, defendant was charged with performing four acts of sexual intercourse with his step-daughter in violation of his probation. At the hearing on the petition to revoke probation the step-daughter testified to. the acts while defendant denied that they occurred.

At the sentencing hearing the trial court also had before it favorable personal recommendations from persons who had worked with the defendant, particularly in his volunteer involvement with Alcoholics Anonymous. In stating the reasons for his sentence, the trial court concluded that the defendant's prior record had little if any "bearing," but that he was concerned with the revolting nature of the original offense and of the later offenses. The court concluded that it found no suggestion that any of the later offenses were related to the use of alcohol and, in fact, felt that defendant's involvement with Alcoholics Anonymous "was to the detriment of his family * * *."

■■ In imposing sentence upon revocation of probation the trial judge may consider the actions of a defendant while on probation which reasonably bear on his potential for rehabilitation. (*People v. Clyne* (1972), 7 Ill.App.3d 121, 123; *People v. Harden* (1972), 6 Ill.App.3d 172, 177.) Accordingly, the sentence imposed after revocation need not be the same

---

93 Ill.App.2d 233 for the rule that an unconstitutional statute is void and the proceedings under it are a nullity. We distinguished *Grasso* by noting that the statute was attacked in the trial court on a motion to dismiss and noting that the statute had been declared unconstitutional in another case so that the issue before us was whether that ruling applied retroactively to the case before this court.

[2] We are advised that the same constitutional issue is involved in *People v. Boyer* (1974), 24 Ill.App.3d 671 and that the Supreme Court has granted leave to appeal. In keeping with our rationale, of course, if the constitutional issue is there decided in favor of the invalidity of the statute this defendant would not be precluded from raising the issue in a post-conviction petition.

sentence the court would have imposed if probation had never been granted. (*People v. Driskill* (1972), 5 Ill.App.3d 46, 48-49.) However, the sentence imposed upon revocation must be for the original crime and should not be a sentence for any possible crime committed after probation. (*People v. Clyne; People v. Harris* (1972), 6 Ill.App.3d 487, 488.) In imposing punishment for violation of probation, the trial judge should not undertake to punish offenses subsequent to the granting of probation. (*People v. Lewis* (1971), 3 Ill.App.3d 144, 146.) If the subsequent conduct constitutes another offense, the defendant should be tried for such offense and sentence should be imposed therefor under orderly criminal processes. See *People v. Tempel* (1971), 131 Ill.App.2d 955, 959.

■■ In the case before us we are compelled to conclude that the sentence imposed upon revocation of probation did not merely reflect the defendant's subsequent conduct as it reasonably bore upon his potential for rehabilitation but it effectively punished the defendant for the later offenses as well. In the original sentence the probationary period was only 3 years and in view of defendant's prior record of a juvenile charge and a traffic offense the aggravated incest was, for all intents and purposes, considered a first offense. When the sentence imposed upon revocation is compared with somewhat similar cases the disparity becomes apparent.[3] We therefore reduce the sentence to 3-10 years.

For the reasons stated the sentence is reduced to 3-10 years imprisonment and as modified the judgment of conviction is affirmed.

Judgment affirmed, sentence modified.

GUILD and HALLETT, JJ., concur.

---

[3] See *People v. Wilder* (1970), 119 Ill.App.2d 422 (4-8 years); *People v. Armstrong* (1967), 80 Ill.App.2d 77 (3-10 years); *People v. Brennecke* (1970), 118 Ill. App.2d 476 (abstract opinion) (3-8 years); *People v. Burke* (1964), 52 Ill.App.2d 159 (2-7 years); *People v. Dye* (1974), 21 Ill.App.3d 379 (abstract opinion) (2-6 years). We think the circumstances in the case before us are more nearly consistent with these cases than those found in such cases as *People v. Burdick* (1969), 117 Ill. App.2d 314 (5-15 years); *People v. Sanders* (1971), 2 Ill.App.3d 82 (abstract opinion) (5-16 years); and *People v. Henderson* (1968), 102 Ill.App.2d 152 (5-10 years).