THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
JEROME HALL (Impleaded), Defendant-Appellant.

Fourth District    Nos. 13432-33 cons.

Opinion filed September 2, 1976.

Richard J. Wilson and Richard E. Cunningham, both of State Appellate Defender's Office, of Springfield, for appellant.

Basil G. Greanias, State's Attorney, of Decatur (Jon C. Baxter, Assistant State's Attorney, of counsel), for the People.

Mr. JUSTICE CRAVEN delivered the opinion of the court:

On February 20, 1974, defendant, Jerome Hall, entered pleas of guilty to having committed the offenses of robbery and burglary in separate incidents. The pleas were accepted and judgment entered thereon. On March 14, 1974, defendant was sentenced to concurrent terms of probation of 5 years for each offense. On June 12, 1975, a probation revocation hearing was conducted in which evidence was presented implicating defendant in a subsequent burglary. Defendant's probation was revoked in both cases, and, on June 19, 1975, defendant was sentenced to two concurrent terms of 6 to 20 years of imprisonment.

Defendant appeals, contending that the sentences imposed were enhanced as punishment for alleged crimes, subsequent to his guilty pleas, for which defendant has not been convicted.

Defendant reaches his conclusion by interpreting various statements by the trial court as basing the sentences in part on the incident for which probation was revoked. Prior to imposing sentence, the trial court stated:

"Taking a look at the record again, we have a presentence report, and, of course, this includes prior convictions, facts and circumstances of his present conviction. The recommendation on the original conviction that it wasn't a case for probation, which recommendation wasn't adopted.

\* \* \*

All right, we have two judgments of conviction from the original conviction. We have the finding of subsequent burglary."

Defendant argues that by these statements the trial court indicated that it was treating the matter as if defendant had been convicted of the burglary charge on which the probation revocation was based. We disagree with defendant's construction of the record. The presentence report included the facts and circumstances of only the robbery and burglary to which defendant pleaded guilty; it also detailed defendant's conviction record prior to the guilty pleas. It included no information regarding the burglary charged as a probation violation. Hence, the phrases "present" conviction and "original" conviction referred to the same thing—the convictions entered upon defendant's guilty pleas. The latter portion of the trial court's statement accurately presented defendant's situation. Defendant had been convicted of two offenses and a finding was made that a third offense had been committed.

■■ Moreover, under the Unified Code of Corrections, a sentencing judge must consider the history and character of the defendant before fixing the minimum term of imprisonment for any amount of time greater than the shortest term allowed. (Ill. Rev. Stat. 1973, ch. 38, par. 1005—8—1(c).) The history and character of a defendant up to the time of sentencing are relevant to the court's evaluation of the defendant's potential for rehabilitation. (*People v. Tatum* (1975), 29 Ill. App. 3d 251, 330 N.E.2d 281.) Our review of the record leads us to conclude that defendant's sentence was not enhanced as punishment for a crime of which defendant was not convicted.

Defendant's contention raises the issue whether the sentence imposed is excessive. The trial court originally admitted the defendant to probation notwithstanding a recommendation of imprisonment. At that time, the State recommended concurrent terms of 2 to 6 years of imprisonment. Subsequent to the plea, the only evidence of any culpable behavior on defendant's part was the evidence adduced at the probation

revocation hearing; the sentence imposed upon revocation, however, may not punish for that conduct. (*People v. White* (1968), 93 Ill. App. 2d 283, 235 N.E.2d 393; *People v. Elsner* (1975), 27 Ill. App. 3d 957, 327 N.E.2d 592; *People v. Koppen* (1975), 29 Ill. App. 3d 29, 329 N.E.2d 421; *People v. Haak* (1975), 26 Ill. App. 3d 1031, 325 N.E.2d 423.) Upon revocation of probation, a sentence of not less than 6 nor more than 20 years was imposed.

■■ The writer is of the opinion that the sentence imposed is excessive and that the court should exercise the authority granted under Supreme Court Rule 615 (Ill. Rev. Stat. 1975, ch. 110A, par. 615) to modify the sentence. The other two members of this panel are not so persuaded. Accordingly, the judgment of the circuit court of Macon County and the sentences imposed are affirmed.

Judgment affirmed.

TRAPP, P. J., and GREEN, J., concur.