THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* RANDY JAMES DESKIN, Defendant-Appellant.

Third District   No. 76-263

Opinion filed April 14, 1977.

Robert Agostinelli and Verlin Meinz, both of State Appellate Defender's Office, of Ottawa, for appellant.

Bruce Black, State's Attorney, of Pekin (James E. Hinterlong, of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE SCOTT delivered the opinion of the court:

Randy James Deskin, hereinafter referred to as the defendant, appeals from an order of the circuit court of Tazewell County which revoked his probation and as a result of said revocation he was sentenced to a term of six months imprisonment with the Department of Corrections.

On April 4, 1975, the defendant was cited for driving while his license was revoked. On May 22, 1975, while represented by counsel, he pled guilty to this charge and was sentenced to a term of six months probation and ordered to pay court costs and a $100 fine.

On November 10, 1975, the State filed a petition to revoke the defendant's probation. The petition alleged that the defendant had violated the terms of his probation by driving while his license was revoked on September 25, 1975, and again on October 30, 1975.

The public defender was appointed to represent the defendant during the revocation proceedings. An evidentiary hearing consuming several days time was had on the petition to revoke the defendant's probation. At the conclusion of the hearing the trial court found that the defendant had violated his probation and at a subsequent sentencing hearing the court, as we have previously stated, sentenced the defendant to a six-month term of imprisonment and specifically ordered that the defendant not be credited with time served on probation. With regard to the issue raised in

this appeal we deem it significant to note the trial court's remarks at the time sentence was imposed upon the defendant. Those remarks are as follows:

> "It's not necessary that I make a sentence with respect to each incident and then direct that they run concurrently. If I were required to do that, that is the way I would have them run, concurrently rather than consecutively."

The sole issue raised by the defendant in this appeal is that the trial court abused its discretion in sentencing the defendant by considering the acts for which his probation was revoked rather than limiting itself to the underlying conviction.

■■ It is well established by case law in our State that a sentence imposed following a revocation of probation must be for the original or underlying crime and not based upon conduct occurring after the grant of probation. See *People v. Huff* (1976), 44 Ill. App. 3d 273, 357 N.E.2d 1380, and *People v. Strickland* (1974), 24 Ill. App. 3d 560, 321 N.E.2d 309.

In determining guidelines for resentencing the reviewing court in *People v. White* (1968), 93 Ill. App. 2d 283, 288, 235 N.E.2d 393, stated:

> "It is clear that upon revocation of probation, sentence may be imposed for the original offense upon the conviction of which the defendant was granted probation. If the act alleged to be a violation of probation constitutes another crime and sentence is to be imposed for the subsequent act, the defendant should be tried for such crime and sentence imposed under the orderly criminal processes. This does not preclude sentence on the original offense and the distinction is drawn so as to obviate any question of double jeopardy. See People v. Morgan, 55 Ill. App. 2d 157, 204 N.E.2d 314, and cases there cited."

■■ The trial court in imposing sentence following revocation of probation may consider defendant's conduct while on probation in order to reflect the court's reassessment of defendant's rehabilitation potential but there should be no commingling of matters relating to the original offense with the conduct which gave rise to the probation revocation. See *People v. Strickland* (1974), 24 Ill. App. 3d 560, 321 N.E.2d 309.

The sentence imposed upon the defendant following his probation revocation falls within penalty provisions for driving while a license is revoked. (See Ill. Rev. Stat. 1975, ch. 95½, par. 6—303, and Ill. Rev. Stat. 1975, ch. 38, par. 1005—8—3(a)(1).) The offense being a Class A misdemeanor the defendant could have received a maximum sentence of 346 days of imprisonment; however, based upon the trial court's remarks concerning concurrent or consecutive sentences we can only conclude that there was an improper commingling of the initial offense and the

conduct giving rise to the probation revocation. Having so concluded it follows that a new sentencing hearing is required.

Accordingly the sentence imposed upon the defendant is vacated and this cause is remanded for a new sentencing hearing in conformity with the views expressed herein.

Reversed and remanded.

STENGEL, P. J., and ALLOY, J., concur.