THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* HARRY MITCHELL, Defendant-Appellant.

First District (4th Division)    No. 77-412

Opinion filed October 20, 1977.

James Geis and Gordon Berry, both of State Appellate Defender's Office, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon and Richard J. Barr, Jr., Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE JOHNSON delivered the opinion of the court:

Defendant, Harry Mitchell, appeals from a judgment of the circuit court of Cook County revoking his probation and sentencing him to a term of 5 to 20 years in the penitentiary. Defendant contends the trial court relied upon improper factors in imposing an excessive sentence, and he requests that his sentence be reduced.

On January 17, 1974, defendant pleaded guilty to robbery (Ill. Rev. Stat. 1973, ch. 38, par. 18—1), and he was sentenced to a term of 5 years probation. A condition of the probation required defendant to reside at Gateway House which provided a drug abuse program. Ten months later, a petition to revoke probation was filed charging that defendant had failed to report to the probation authorities, and he had been arrested for "shoplifting." The record shows no disposition of this charge. A subsequent petition averred that defendant, who had used an alias, had been sentenced to 10 days incarceration for an unrelated theft; and he had also been indicted for burglary.

At the probation revocation hearing, police officer Ronald Yawger testified he arrived at a north side liquor store in the early evening of November 7, 1975, and he arrested defendant who had been detained by the store owner. A certified copy of the defendant's conviction relating to this theft offense was introduced which showed defendant, who had given an alias, had received a 10-day jail sentence for this offense with time considered served. See *People v. Davis* (1976), 65 Ill. 2d 157, 164, 357 N.E.2d 792, 796.

The trial court noted that no evidence had been introduced concerning the allegations (1) that defendant had failed to report to probation authorities and (2) that a burglary indictment was pending against him. It therefore said these allegations would not be considered. The court then found defendant had violated his probation. Defendant waived a presentence report.

At the hearing in aggravation and mitigation, the State recited defendant's criminal record since 1950. Defendant, who was 42 years old, had been convicted of 24 petty thefts, 2 charges of disorderly conduct, 4 misdemeanor "narcotic" offenses, and aggravated assault. Defendant's record also showed 4 felony convictions. The State recommended that a maximum sentence of 6 years and 8 months to 20 years be imposed for defendant's robbery conviction. However, the State did note the trial court's prior comment to defendant, at the time he was placed on probation, that he would be sentenced to 4 to 12 years if he violated probation.

The trial court said that irrespective of its prior evaluation of a possible sentence which would be imposed upon a violation of probation, it would sentence defendant to a term of 5 to 20 years. The court then stated that in addition to the theft conviction, defendant had a pending charge and he had left the Gateway House program. The court also remarked that it had taken a great risk in granting defendant probation.

Defendant now argues that sentence imposed was higher than the sentence previously considered by the court. He suggests the "substantial

revision" of his sentence was based upon improper factors relating to his leaving the drug abuse program and his pending burglary indictment.

■■■ The sentence of incarceration imposed upon a defendant when probation is revoked need not be the term of incarceration had probation not been imposed. (*People v. Driskill* (1972), 5 Ill. App. 3d 46, 48, 282 N.E.2d 480, 482.) The sentence imposed upon revocation of probation must not be punishment for subsequent offenses, and it must be based upon the original offense, not the offense upon which probation is revoked. (*People v. Ellis* (1977), 48 Ill. App. 3d 221, 224, 363 N.E.2d 33, 36; *People v. Strickland* (1974), 24 Ill. App. 3d 560, 562, 321 N.E.2d 309, 310.) However, a trial court may consider defendant's conduct while on probation in reassessing a defendant's rehabilitative potential if such conduct remains distinct from the offense for whch defendant was placed on probation. (*People v. Deskin* (1977), 47 Ill. App. 3d 328, 330, 361 N.E.2d 1188, 1189; see also *People v. Coles* (1974), 20 Ill. App. 3d 851, 857, 314 N.E.2d 526, 530.) As stated in *People v. Ford* (1972), 4 Ill. App. 3d 291, 293, 280 N.E.2d 728, 730:

> "It is our belief, however, that a sentence higher than one which a court might originally have had in mind, may properly be imposed upon probation revocation, not to punish defendant for his subsequent acts, but to reflect the court's reassessment of the defendant's rehabilitation potential."

■■ This case presents a situation where the trial court did not abuse its discretion by imposing the sentence herein. Defendant was placed on probation despite his longstanding criminal record. While using an alias, he was convicted of a theft offense less than 2 years later. The minimum sentence of 5 years imposed by the trial court did not significantly depart from its original opinion that defendant might receive a 4-year minimum term upon revocation of probation. Probation could have been revoked and imprisonment imposed for a minimum of 4 years had it been shown defendant failed to participate in the drug abuse program. However, the basis of the revocation was defendant's theft conviction which obviously demonstrated that the rehabilitative function of probation was unsuccessful, and defendant had persisted in criminal conduct. There is no basis to conclude the 5-year minimum term imposed upon defendant was excessive or based on improper considerations.

Similarly, the maximum term of 20 years was not inappropriate. While that portion of the sentence was the highest authorized by law (Ill. Rev. Stat. 1973, ch. 38, par. 1005—8—1(b)(3)), it presented an indeterminate sentence which would provide the most leeway to parole officials in considering whether defendant was capable of being released into society.

This case is factually distinguishable from *People v. Koppen* (1975), 29 Ill. App. 3d 29, 329 N.E.2d 421, upon which defendant relies. There, the appellate court reduced a 5- to 15-year sentence imposed upon the revocation of probation previously given for aggravated incest. The basis for the revocation was a subsequent claim of incest committed after a substantial portion of the 3-year probationary period had been completed. The appellate court noted that defendant's conviction was his first criminal offense. The court compared the sentence upon revocation to other cases involving similar facts and noted the disparity. Thus, the conclusion was apparent the defendant was being punished for a subsequent offense of incest upon which no conviction existed. In the present case, the sentence disparity of *Koppen* is not apparent.

Our examination of the record does not require the conclusion that the sentence imposed was designed to punish defendant for other offenses. Accordingly, the judgment of the circuit court is affirmed.

Affirmed.

DIERINGER, P. J., and ROMITI, J., concur.