THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
ROBERT HILL, Defendant-Appellant.

First District (4th Division)   No. 77-675

Opinion filed November 23, 1977.

Ralph Ruebner and Martin Carlson, both of State Appellate Defender's Office, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Lee T. Hettinger, Myra J. Brown, and Armand L. Andry, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE JOHNSON delivered the opinion of the court:

Defendant, Robert Hill, appeals from a judgment of the circuit court of Cook County revoking his probation and sentencing him to a term of 3 to 9 years in the penitentiary. The sole issue raised by defendant is that the sentence is excessive and he requests this court to reduce it. Ill. Rev. Stat. 1975, ch. 110A, par. 615(b)(4).

In July 1975, defendant entered a negotiated guilty plea to possession of 16 grams of heroin (Ill. Rev. Stat. 1975, ch. 56½, par. 1402(b)), and in accord with the terms of the plea agreement he was sentenced to 5 years probation. Defendant was advised that should he violate the terms of his probation, he would receive a 3- to 9-year penitentiary sentence.

Less than 2 months after his guilty plea, defendant was arrested in possession of heroin and methylphenidate. The petition to revoke probation was based on this incident, and the sufficiency of the evidence adduced thereon is not questioned.

After the trial court had revoked defendant's probation, a presentence report was compiled. In aggravation, the State indicated that defendant had been convicted of numerous misdemeanors which involved thefts. Defense counsel basically argues that defendant's past criminal conduct was not directed toward crimes of violence but was, in part, related to his drug addiction.

Defendant argues that his sentence is excessive when viewed in the context of the nature of the offense to which he pleaded guilty and his prior record. In contending the 3-year minimum sentence imposed was excessive, defendant maintains this was his first felony conviction and his possession of 16 grams of heroin was a Class 3 felony allowing a 1-year minimum sentence unless a greater minimum sentence is deemed necessary by the trial court. Ill. Rev. Stat. 1973, ch. 56½, par. 1402(b); ch. 38, par. 1005—8—1(b)(4), (c)(4).

■■ It is established that when probation is revoked, the sentence imposed must be predicated upon the original offense and not upon subsequent conduct. (*People v. Ellis* (1977), 48 Ill. App. 3d 221, 224, 364 N.E.2d 33.) But defendant's conduct while he was on probation may be used to assess his rehabilitative potential. *People v. Mitchell* (1977), 53 Ill. App. 3d 1002, 369 N.E.2d 249.

In the recent opinion of *People v. Perruquet* (1977), 68 Ill. 2d 149, 368 N.E.2d 882, our supreme court discussed the authority of a reviewing court to reduce the sentence imposed by the trial court:

"We have frequently stated that the trial judge is normally in a better position to determine the punishment to be imposed than the courts of review. [Citations.] A reasoned judgment as to the proper sentence to be imposed must be based upon the particular circumstances of each individual case. [Citation.] Such a judgment depends upon many factors, including the defendant's credibility, demeanor, general moral character, mentality, social environment, habits, and age. [Citation.] The trial judge, in the course of the trial and the sentencing hearing, has an opportunity to consider these factors 'which is superior to that afforded by the cold record in this court.' [Citation.] We continue to find that the trial court is normally the proper forum in which a suitable sentence is to be determined and the trial judge's decisions in regard to sentencing are entitled to great deference and weight. We therefore reaffirm our long-standing rule that absent an abuse of discretion by the

trial court a sentence may not be altered upon review." 68 Ill. 2d 149, 154.

■■ Defendant in the present case does not contend the sentence was an abuse of discretion. Rather, he merely suggests the sentence was excessive. However, the trial court was fully apprised of defendant's background through a detailed presentence report filed before he was sentenced for the violation of probation. The trial court was better able to determine the appropriate sentence in view of defendant's prior criminal background and potential for rehabilitation. As noted in *Perruquet*, a court of review will not interfere with the sentence imposed merely because the court of review may have imposed a different sentence. The record before us shows that defendant had a criminal background and had been placed on probation for possession of heroin less than 2 months prior to his second arrest for possession of a controlled substance. The record shows no abuse of discretion in the imposition of defendant's sentence upon his probation revocation.

Accordingly, the judgment of the circuit court is affirmed.

Affirmed.

DIERINGER, P. J., and ROMITI, J., concur.