THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* PAIGE MOLISH, Defendant-Appellant.—THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* EVELYN KOZIOL, Defendant-Appellant.

Second District   Nos. 76-441, 77-182 cons.

Opinion filed December 13, 1977.

Mary Robinson, Daniel Cummings, and Randy Johnson, all of State Appellate Defender's Office, of Elgin, and Patrick J. McAndrews, of Dunlap & Thompson, of Libertyville, for appellants.

Dennis Ryan, State's Attorney, of Waukegan (Phyllis J. Perko and Martin P. Moltz, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE GUILD delivered the opinion of the court:

We have consolidated the above two cases for review in one opinion as in each case the sole question presented is whether upon revocation of probation the trial court imposed an excessive sentence, in that such sentence was based on the conduct of the defendant while on probation rather than considering solely the original conviction.

In 77-182 the defendant, Koziol, on April 11, 1975, pled guilty to one count of forgery. On June 12, 1975, she was sentenced to a term of three years probation. Less than a year later, on May 19, 1976, the State's Attorney of Lake County filed a petition to revoke her probation based on two additional counts of forgery. On August 17, 1976, the trial court adjudged the defendant to be in contempt of court and extended her probation for an additional two year period. Finally, on December 28, 1976, the State's Attorney proceeded against the defendant with a second petition to revoke probation based upon six new counts of forgery. It is to be noted that most of the checks forged both in the original charge and in the subsequent forgeries were in substantial amounts. Following a hearing on the revocation of probation the defendant was sentenced to 3 1/3 to not more than 10 years, and a statutory parole term of 2 years thereafter.

In 76-441 the defendant Molish, pursuant to a negotiated plea, on March 1, 1974, was found guilty of theft in excess of $150 and placed on three years probation. On September 19, 1975, a petition to revoke probation was filed by the State's Attorney based upon the defendant's conviction for burglary in the State of Wisconsin on June 23, 1975, in which he was sentenced to 30 days in the county jail and was placed on probation for a period of three years by the Wisconsin court. It also appears that the defendant was bound over to the grand jury of Lake County on November 13, 1975, for theft in excess of $150. The record

does not disclose the disposition of this charge. By a stipulated plea in his original conviction the defendant admitted that he took $2600 in U.S. currency from one Carl Johnson. Prior to the instant offense the defendant had a record of having been placed on probation twice for two separate offenses of theft of under $150 in 1972. After the hearing on the petition to revoke probation the defendant's probation was revoked and he was sentenced to the Illinois Department of Corrections for a minimum of 3 years and a maximum of 9 years.

■■ We do not find the cases cited by either defendant to be controlling under the facts of each case. At the outset it is to be observed that courts of review will not readily set aside a sentence imposed by the trial court, considering the better or superior opportunity of the trial judge during trial and at the sentencing hearing to acquire information relative to the defendant which would be helpful in determining suitable punishment. *People v. Taylor* (1965), 33 Ill. 2d 417, 211 N.E.2d 673; *People v. Butler* (1976), 64 Ill. 2d 485, 356 N.E.2d 330.

■■ As in the cases before us, the most frequent assertion is made in probation revocation cases by the defendants that the court improperly considered the conduct of the defendant while on probation and, that the length of the sentence imposed is based either directly or indirectly, in part, on the subsequent conduct of the defendant while on probation. It is true that the sentence imposed must be for the original offense upon which the probation was granted. We recognized this principle in *People v. Koppen* (1975), 29 Ill. App. 3d 29, 32-33, 329 N.E.2d 421, 424, where we stated:

> "In imposing sentence upon revocation of probation the trial judge may consider the actions of a defendant while on probation which reasonably bear on his potential for rehabilitation. [Citations.] Accordingly, the sentence imposed after revocation need not be the same sentence the court would have imposed if probation had never been granted."

We then went on to say that the sentence should not be imposed for any offense committed after probation was granted. This does not mean that the defendant, upon revocation of probation, is automatically entitled to a minimum sentence as contended for in many, if not most, of the cases of this nature. As Justice English stated in *People v. Ford* (1972), 4 Ill. App. 3d 291, 293, 280 N.E.2d 728, 730-31, in commenting on the information acquired by the judge as to the activities of the defendant while on probation:

> "If this be true, and we believe it is, then how absurd it would be to require a judge to eliminate from his thoughts all knowledge of defendant which he has acquired during the months or years which

may have passed since he admitted defendant to probation. We can agree with defendant that the sentences to be imposed must be for the original crime or crimes (as in this case for the original burglary and three armed robberies) and not for the crime which constituted the probation violation. But it is a different matter altogether to foreclose the sentencing judge from considering the latter crime to determine the defendant's 'rehabilitation possibilities' which the statute requires him to do."

In other words, the issue before the court is the question of the potential for rehabilitation of the defendant, both at the time of the sentencing to probation and at the time of the revocation of probation.

■■■ Examination of the record in both of these cases discloses that the trial court did in fact consider the question of the potential rehabilitation of each defendant, both at the time of the sentencing to probation and at the time of the revocation of probation. The sentence imposed in each case is commensurate with the crime originally committed based on the potential for rehabilitation at that time and at the time of the hearing on the petition for revocation. The sentences imposed by the court in each case, after deliberation and consideration of the defendant's attitude, conduct and potential for rehabilitation was proper and proportionate to the criminal conduct to which each defendant was originally charged. It is obvious that the judge's original discretion in granting probation to each defendant was misplaced in view of their subsequent conduct. It is obvious that the potential rehabilitation of each defendant herein was indeed dim. The defendant Koziol raises an additional contention that the court improperly considered that she did perhaps in fact use her pregnancy as a tool to avoid possible incarceration for subsequent forgeries committed by her. There is no reason to believe that the court was not conversant with this situation and it is to be observed that the trial court does not operate in a vacuum and this statement does not constitute error.

■■ As we have previously observed, it is obvious that the trial judge's discretion in each case in granting these defendants probation in the original instance was misplaced in view of each defendant's subsequent misconduct. As most succinctly stated in the recent case of *People v. Perruquet* (1977), 68 Ill. 2d 149, 153-54, 368 N.E.2d 882, 883-84:

"However, our decisions have firmly established that the imposition of a sentence is a matter of judicial discretion and that, absent an abuse of this discretion, the sentence of the trial court may not be altered upon review. * * *

* * *

We therefore reaffirm our long-standing rule that absent an abuse

of discretion by the trial court a sentence may not be altered upon review."

The judgment as to the defendant Paige Molish, cause No. 76-441, is affirmed. The judgment as to the defendant Koziol, cause No. 77-182, likewise is affirmed.

Judgments affirmed.

RECHENMACHER, P. J., and BOYLE, J., concur.