THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* DAVID SMITHSON, Defendant-Appellant.

First District (4th Division)    No. 77-1404

Opinion filed October 19, 1978.—Rehearing denied November 9, 1978.

Ralph Ruebner and Susan McElroy, both of State Appellate Defender's Office, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Lee T. Hettinger and Bryan B. Lavine, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE ROMITI delivered the opinion of the court:

On May 27, 1975, the defendant, David Smithson, was sentenced to two concurrent 5-year probationary terms, following his plea of guilty to two counts of burglary. (Ill. Rev. Stat. 1975, ch. 38, par. 19—1.) As a condition of his probation, defendant was to serve the first four months of the sentence in the Cook County Jail, considered served as actually having been served. On March 5, 1976, defendant pled guilty to rape and deviate sexual assault. (Ill. Rev. Stat. 1975, ch. 38, pars. 11—1, 11—3.) After accepting this guilty plea, the trial court sentenced defendant to a term of 4 to 6 years in the Department of Corrections for these two offenses. On October 14, 1976, the State filed a petition for violation of probation. On November 30, 1976, after two continuances, one by the State and one by defendant, a hearing was conducted which resulted in the revocation of probation and defendant's being sentenced to 6 to 18 years in the penitentiary for each count of burglary, the sentences to run concurrently. These sentences were also to run concurrent to his 4- to-6 year sentence for rape and deviate assault. The trial court granted defendant credit for the four months he served in jail as part of his 5-year probationary sentence. Additionally, defendant received credit for the time served in jail since his arrest for rape on January 1, 1976, until the commencement of the violation of probation hearing.

In this appeal, defendant contends that the delay in holding the probation revocation hearing violated his fourteenth amendment right to due process; that the trial court abused its discretion in imposing sentences of 6 to 18 years following the revocation of his probation; and that the court's failure to consider whether he should have been given credit for time on probation or even to determine the amount of such time, necessitates remandment of the cause to the trial court for resentencing.

We affirm the judgment of the trial court.

The following evidence was adduced at the probation revocation hearing: Barbara Gladden, an investigating police officer in the rape case, was called as a witness for the State. At this point, defense counsel stipulated to Investigator Gladden's written account of this occurrence. According to this report, the victim was awakened by a loud noise in the early morning of January 1, 1976, and sat up in bed to find defendant running at her. Defendant came over to her bed, grabbed at the front of her robe and tore it off. Defendant then punched the victim in the jaw, grabbed her hair and forced her to have sexual intercourse with him and to also perform oral copulation. The victim was unsuccessful in her efforts to resist defendant.

After completing these acts, defendant seemed to doze off. At this time, the victim ran upstairs to her neighbor's apartment. When the victim and her neighbor, Jack Purnell, returned downstairs, defendant was gone. However, moments later defendant again appeared at the victim's door, attempting to break into her apartment. Purnell was able to slam the door, and defendant fled the premises.

Purnell then called the police, who upon their arrival, found the victim in an excited state. While examining the victim's bedroom, the police found defendant's wallet, together with his photograph and driver's license. The police officers then went to the defendant's home and observed that he had scratches on his elbow and cheek. Defendant explained that he was in a fight with an "unknown Puerto Rican." Defendant also stated that he was "an addict and made his living by burglarizing." Defendant was positively identified by both the victim and Purnell at a police lineup.

Although defendant did not deny any of the foregoing facts, he pleaded not guilty at the violation of probation hearing. Defendant based his plea on the contention that the Four Term Act barred such a proceeding. (Ill. Rev. Stat. 1975, ch. 38, par. 103—5(a).) However, the trial judge ruled that this Act was inapplicable to a probation revocation proceeding.

After entering a finding of violation of probation, the court then heard arguments in aggravation and mitigation. Defense counsel asked for

leniency. The State called the trial court's attention to the fact that defendant had previously requested leniency when he was adjudged guilty of burglary and when he was convicted of rape and deviate sexual assault. The trial court then discussed defendant's potential for rehabilitation. In view of the crimes committed by defendant while on probation and defendant's own admission that he was dependent upon burglary to support his heroin addiction, the trial court concluded that there was little hope for his rehabilitation. In sentencing defendant, the trial court indicated that it was necessary that defendant receive a minimum sentence of six years, but with credit for the time he had served since his arrest for rape in January 1976. After a colloquy concerning the proper sentence to be given if defendant was to receive a minimum of six years, the trial court again brought up the issue of credit for time served. Defendant's attorney stated that defendant was entitled to "* * * all credit for time served, including the four months served prior to being placed on probation * * *" Defendant was sentenced to two concurrent terms of six to 18 years, with credit for the four months served in jail as part of his five-year probation, and also with credit for the time served in jail since his January, 1976 arrest for rape. No mention was made of credit for the period of probation from May 27, 1975, to January 1, 1976.

I.

Defendant asserts initially that his due process rights were violated by the approximately 11-month lapse in time between his violation of probation and the revocation hearing. The State contends that the probation revocation hearing was held within a reasonable time and that the lapse of time did not prejudice defendant.

As is stated above, defendant was arrested on January 1, 1976, for rape and was found guilty of rape and deviate sexual assault on March 5, 1976. On October 14, 1976, the State filed a petition for violation of probation. After two continuances, one each by the State and the defendant, the court conducted the probation revocation hearing on November 30, 1976, and revoked defendant's probation.

■■ A defendant is entitled to a probation revocation hearing within a reasonable time. (See *People v. Williams* (1973), 10 Ill. App. 3d 428, 430, 294 N.E.2d 61.) What constitutes a reasonable time depends on the facts and circumstances of each case. (*People v. Malone* (1976), 41 Ill. App. 3d 914, 918-19, 354 N.E.2d 911.) One factor to be considered is a lack of prejudice to defendant caused by the delay, either claimed by him or evident from the record, as well as his failure to request an earlier hearing. (*People v. Kostaken* (1958), 16 Ill. App. 2d 395, 399, 148 N.E.2d 615.) However, the Four Term Act governing trials is not applicable to probation violation hearings. (*People v. Williams* (1973), 10 Ill. App. 3d

428, 294 N.E.2d 61.) The reason for this is that a probationer is not in the same category as one charged by indictment or information, since he is free pursuant to the clemency of the court which has conditionally postponed his sentence provided he faithfully fulfills the requirements of probation. *People v. Kostaken* (1958), 16 Ill. App. 2d 395, 148 N.E.2d 615.

■■ In *Kostaken,* this court concluded that a 17-month delay between the issuance of a warrant for a violation of probation and the revocation hearing did not violate any of defendant's constitutional rights. In *Malone,* it was held that a 3-year delay between the probation violation and the revocation hearing did not violate defendant's due process rights. In view of this precedent, and taking into account the fact that there is no evidence in the record which indicates that defendant requested an earlier hearing or that he was prejudiced by the 11-month delay, we feel that in this particular instance defendant's constitutional rights were not violated.

## II.

Defendant next contends that the trial court abused its discretion in imposing sentences of 6 to 18 years, especially in light of the large disparity between that sentence and the original disposition of 5 years' probation. We disagree with this contention.

■■ In imposing sentence upon revocation of probation, the trial judge may consider the actions of a defendant while on probation which reasonably bear on his potential for rehabilitation (*People v. Clyne* (1972), 7 Ill. App. 3d 121, 123, 287 N.E.2d 72), as well as all information which reflects upon his potential for dangerousness. (*United States ex rel. Sluder v. Brantley* (7th Cir. 1972), 454 F.2d 1266, 1269.) Accordingly, the sentence imposed after revocation need not be the same sentence the court would have imposed if probation had never been granted. (*People v. Driskill* (1972), 5 Ill. App. 3d 46, 48-49, 282 N.E.2d 480.) However, the sentence imposed upon revocation must be for the original crime. It should not be a sentence for any possible crime committed after probation. (*People v. Hill* (1977), 55 Ill. App. 3d 364, 371 N.E.2d 43; *People v. Molish* (1977), 55 Ill. App. 3d 191, 371 N.E.2d 649; *People v. Sanders* (1977), 54 Ill. App. 3d 500, 369 N.E.2d 912; *People v. Mitchell* (1977), 53 Ill. App. 3d 1002, 369 N.E.2d 249; *People v. Spencer* (1977), 52 Ill. App. 3d 378, 367 N.E.2d 315.) If the subsequent conduct constitutes another offense, the defendant should be tried for such offense and sentence should be imposed therefor under orderly criminal processes. *People v. Tempel* (1971), 131 Ill. App. 2d 955, 958-59, 268 N.E.2d 875.

While on probation, defendant pleaded guilty to the charges of rape and deviate sexual assault and was sentenced to a term of 4 to 6 years in the penitentiary. Subsequent to this conviction, the State filed a petition

for violation of probation. At the probation revocation hearing, the trial judge examined defendant's conduct while on probation and concluded that defendant's chances of rehabilitation were poor. The trial judge also concluded that defendant remained a serious threat to society. After having carefully examined the record, we feel that the trial judge's conclusions were quite reasonable. Defendant expressed his disregard for the trial judge's lenient sentence of 5 years' probation by breaking into an apartment and brutally raping and beating the occupant. After his arrest for rape, defendant admitted that he was dependent upon burglary to support his drug addiction. The defendant's reckless disregard for the law while on probation does not suggest that he is a likely candidate for rehabilitation. On the contrary, the evidence indicates that defendant will continue his present pattern of criminal activity.

■ Defendant asserts that the severity of his sentence indicates that he was being punished again for the rape for which he had already received a 4- to-6-year sentence. However, we are of the opinion that the trial judge was aware of his duty to sentence defendant only for the burglary charges. This conclusion is based on the well-settled principle that a disparity between sentences does not, in itself, demonstrate that defendant was being sentenced for a subsequent offense. (*People v. Smith* (1969), 105 Ill. App. 2d 14, 17-18, 245 N.E.2d 13.) Section 5—6—4(e) of the Unified Code of Corrections provides:

"If the court finds that the offender has violated a condition [of probation] at any time prior to the expiration or termination of the period, it * * * may impose any other sentence that was available under Section 5—5—3 at the time of initial sentencing." (Ill. Rev. Stat. 1975, ch. 38, par. 1005—6—4(e); see also Ill. Rev. Stat. 1975, ch. 38, par. 1005—5—3.)

The sentences of 6 to 18 years were within the statutory limits prescribed for the offense of burglary for which defendant was granted probation. (See Ill. Rev. Stat. 1975, ch. 38, pars. 1005—8—1(b)(3), 1005—8—1(c)(3).) In view of the violent acts committed by defendant while on probation, the imposition of the aforesaid sentences was well within the court's judicial discretion.

This court has upheld strict sentences which have been imposed on defendants after said defendants have been found in violation of their probation. For example, in *People v. Sluder* (1969), 107 Ill. App. 2d 177, 246 N.E.2d 35, companion case, *United States ex rel. Sluder v. Brantley* (7th Cir. 1972), 454 F.2d 1266, the defendant was originally sentenced to 3 years' probation after pleading guilty to a $50 burglary. While on probation he was accused of aggravated assault, aggravated kidnapping, rape and attempted murder. At his probation revocation hearing, the trial judge alluded to defendant's progression from minor crimes to serious

felonies and thereupon sentenced him to a term of 20 to 40 years in the penitentiary. Neither the Illinois Appellate Court nor the United States Court of Appeals for the Seventh Circuit found the sentences excessive in light of defendant's criminal history. In the present matter, defendant has also proven his propensity toward violent criminal activities. The evidence indicates that defendant will not reform. For these reasons, we feel that the trial judge acted reasonably in imposing the 6- to-18-year concurrent sentences.

Defendant relies on *People v. Deskin* (1977), 47 Ill. App. 3d 328, 361 N.E.2d 1188, and *People v. Koppen* (1975), 29 Ill. App. 3d 29, 329 N.E.2d 421, to support his position that his sentences were too severe. However, these cases are distinguishable from the present matter. In both *Deskin* and *Koppen,* the trial court made overt comments which left little doubt that the defendants were being punished for their subsequent crimes.

## III.

Lastly, defendant contends that he is entitled to credit for all the time he served while on probation because the trial court did not explicitly deny him credit. The State maintains that the trial court implicitly denied defendant credit for such time.

As was stated previously, defendant received credit for the four months that he served in jail as part of his 5-year probation sentence and credit for the time he served from the time of his arrest for rape on January 1, 1976, until the violation of probation hearing on November 30, 1976. The judge did not expressly mention the period of time when defendant was free on probation from May 27, 1975, until January 1, 1976. Section 5—6—4(h) of the Unified Code of Corrections provides in part:

> "Time served on probation or conditional discharge shall be credited by the court against a sentence of imprisonment or periodic imprisonment unless the court orders otherwise." (Ill. Rev. Stat. 1975, ch. 38, par. 1005—6—4(h).)

In *People v. Hull* (1976), 36 Ill. App. 3d 152, 153, 342 N.E.2d 279, this court held that if the trial court makes no directive or statement with respect to whether defendant should be credited for time served on probation, the aforementioned mandatory statutory language controls and defendant will receive credit for such probationary time.

■■ After carefully examining the record, we believe that the trial judge in this cause impliedly denied defendant credit for the time spent out of jail on probation when he specifically gave defendant credit for the four months served in jail as part of that probation. The sentence indicates the judge was aware that defendant could receive credit for the period served on probation, but chose only to credit that portion served in jail. This same distinction was utilized by the trial court and affirmed on

appeal in *People v. Dixon* (1976), 41 Ill. App. 3d 910, 354 N.E.2d 638, where the trial judge gave the defendant credit for time in jail while on probation but not "street time." We find that the trial judge in this cause satisfied the requirements of section 5—6—4(h) by specifically indicating the portion of defendant's probation for which he would receive credit.

Accordingly, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

JOHNSON, P. J., and LINN, J., concur.