THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* STEVEN BROGAN, Defendant-Appellant.

Fourth District   No. 15373

Opinion filed October 3, 1979.

Richard J. Wilson and Jeff Justice, both of State Appellate Defender's Office, of Springfield, for appellant.

C. David Vogel, State's Attorney, of Pontiac (Marc D. Towler and Jane F. Bularzik, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE CRAVEN delivered the opinion of the court:

On September 9, 1977, defendant, Steven Brogan, was charged with one count of theft and one count of burglary. By agreement, defendant pleaded guilty to the theft count, and the State *nolle prossed* the burglary count. Defendant was sentenced to 2 years' probation with the conditions, among others, that he serve 9 days' imprisonment, with credit having been given for 9 days previously served, and that he pay restitution of $283.

On September 18, 1978, a petition to revoke probation was filed. The petition alleged the commission of two criminal offenses: criminal trespass and disorderly conduct. The petition also alleged a curfew violation. These charges stemmed from defendant climbing a 130-foot tower on private property. Three petitions to revoke defendant's probation had been filed previously, all within a 3½-month period. On each occasion, defendant had been readmitted to probation.

On November 20, 1978, a hearing was held on the September 18 petition to revoke. At the hearing defendant stipulated to one allegation of the petition, that he committed criminal trespass. The disorderly conduct charge was struck from the petition. The court ordered that defendant's probation be revoked.

On December 11, 1978, a sentencing hearing was held. In making its findings and issuing sentence, the trial court discussed the factors in mitigation and aggravation which are listed in sections 5—5—3.1 and 5—5—3.2 of the Unified Code of Corrections (Ill. Rev. Stat., 1978 Supp., ch. 38, pars. 1005—5—3.1, 1005—5—3.2). The court found that defendant

was unlikely to comply with the terms of probation because he had not done so in the past. The court expressed its disappointment and frustration over defendant's continual disregard of the terms of his probation and determined that imprisonment was warranted.

The court sentenced defendant to 5 years' imprisonment with credit for 33 days already served in jail. Defendant appeals the sentence.

On appeal, defendant argues that the trial court abused its discretion when it imposed the maximum period of imprisonment upon revocation of defendant's probation. Defendant points out that the original offense was theft of a truck which defendant took for a "joy ride"; that defendant was 18 years old when he was originally sentenced; that full restitution was made to the owner; and that defendant had no prior adult or juvenile record.

Defendant concedes that his failure to successfully complete any probationary period may be reason to find that some imprisonment was warranted; however, defendant contends that sentences of imprisonment beyond the minimum must be justified by some other factor in the record and that the record is devoid of any grounds for imposition of a term beyond the minimum. We agree.

■■ When a defendant is admitted to probation and that probation is revoked, the trial court may sentence defendant to any sentence that would have been appropriate for the original offense. (*People v. Willis* (1978), 64 Ill. App. 3d 737, 742, 381 N.E.2d 799, 803.) Although defendant cannot be sentenced for the crime which constituted the probation violation (*People v. Ford* (1972), 4 Ill. App. 3d 291, 293, 280 N.E.2d 728, 730-31), it is proper for the trial court to consider defendant's conduct on probation in assessing his rehabilitative potential. (*People v. Tatum* (1975), 29 Ill. App. 3d 251, 252, 330 N.E.2d 281, 282; *People v. Strickland* (1974), 24 Ill. App. 3d 560, 321 N.E.2d 309.) Consequently, the sentence imposed after revocation need not be the same sentence that the court would have imposed if probation had not been granted. *People v. Molish* (1977), 55 Ill. App. 3d 191, 193, 371 N.E.2d 649, 652.

■■ Defendant was 17 years old when he committed the original offense and 18 years old when he was sentenced. He did not have a juvenile or adult criminal record. A 5-year term of imprisonment would have been excessive had it been imposed initially.

We realize that defendant repeatedly violated his probation over a 9-month period. The trial court on three occasions reinstated probation despite the violations. As the State argues, the court displayed leniency and concern throughout the probationary period. It appears as if defendant did his best to try the patience of the court. This conduct properly may be considered by the court in resentencing, as that conduct reflects defendant's rehabilitative potential.

Nonetheless, the nature of the probation violations, notwithstanding the criminal trespass charge, do not warrant the maximum term of imprisonment. Defendant's inability to complete successfully a term of probation indicates that some imprisonment may be necessary to alter his behavior, but there should be some reasonable correlation between the nature of the transgression and the length of imprisonment.

Here, defendant failed to report to his probation officer, left town without permission, violated curfew, was unemployed prior to August 1978, and was charged with criminal trespass and disorderly conduct. In view of the relatively minor nature of these offenses, defendant's lack of a prior record, his age, and his employer's favorable comments, the trial court could not have concluded reasonably that defendant's potential for rehabilitation is so bleak as to require the maximum period of incarceration.

■ Section 5—6—4(i) of the Unified Code of Corrections (Ill. Rev. Stat., 1978 Supp., ch. 38, par. 1005—6—4(i)) provides that the time served on probation shall be credited against a sentence of imprisonment, unless the court orders otherwise. In sentencing defendant, the trial court gave credit for the 33 days which he spent in jail as a condition of probation, but the court never expressly ordered that defendant should not receive credit for the time served on probation for which there was no incarceration.

Section 5—6—4(i) mandates that credit be given for time served on probation, unless otherwise ordered, and does not distinguish between jail time and free time; therefore, on the basis of this clear directive, denial of credit for free time should not be inferred from granting credit for jail time. (See *People v. Knight* (1978), 58 Ill. App. 3d 651, 657, 374 N.E.2d 1045, 1050, *modified on other grounds* (1979), 75 Ill. 2d 291, 388 N.E.2d 414; *People v. Hull* (1976), 36 Ill. App. 3d 152, 153, 342 N.E.2d 279, 280.) Thus, we conclude that the granting of credit for jail time is not tantamount to an order that defendant is denied credit for the remainder of the probation period. Defendant is entitled to credit for time served on probation for which there was no incarceration. *Cf. People v. Presley* (1979), 67 Ill. App. 3d 894, 385 N.E.2d 181.

The probation orders that were issued in this case contained a legend that provided: "Upon revocation of a sentence of probation * * * credit for the period of time served on probation * * * may not be allowed against any sentence of imprisonment * * * imposed by this court." *Cf. Presley.*

■ The State contends that this provision is a proper admonition and that it does not diminish the exercise of judicial discretion upon resentencing. We disagree and disapprove of the rubber-stamp approach to sentencing that is reflected by the presence of this legend on the

probation order. Upon revocation of probation, a trial court should determine the appropriate sentence on the basis of the facts then before it. (See *People v. Bolyard* (1975), 61 Ill. 2d 583, 589, 338 N.E.2d 168, 171; Ill. Rev. Stat., 1978 Supp., ch. 38, pars. 1005—6—4(i), 1005—4—1.) Although the trial court may decide to disregard the limitation, mere presence of the provision affords the court an opportunity to rely upon it without making an independent sentencing determination based on the facts which have been presented at the revocation hearing.

For the foregoing reasons, the sentence imposed by the circuit court is reduced to 2 years' imprisonment with full credit for time served on probation.

Remanded with directions.

REARDON, P. J., and MILLS, J., concur.