THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ERNEST LEE JONES, JR., Defendant-Appellant.

Second District   No. 79-105

Opinion filed February 20, 1980.

Mary Robinson, of State Appellate Defender's Office, of Elgin, for appellant.

Dennis P. Ryan, State's Attorney, of Waukegan (Phyllis J. Perko and Martin P. Moltz, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE LINDBERG delivered the opinion of the court:

Defendant, Ernest Lee Jones, Jr., was charged by information with the offense of burglary in violation of section 19—1 of the Criminal Code of 1961 (Ill. Rev. Stat. 1975, ch. 38, par. 19—1). He entered a plea of guilty to the offense and was sentenced by the court to a term of three years' probation conditioned, *inter alia*, upon the payment of $300 restitution.

The State subsequently filed a petition to revoke the sentence of probation alleging that defendant had committed the offense of robbery. After a hearing, the court found that defendant had committed the crime charged in the petition, and accordingly resentenced defendant to an additional two years' probation, conditioned upon serving two years' work release and upon the payment of $517.92 restitution to the robbery victim. Defendant appeals from that order.

The sole issue presented for review is whether the trial court has the power upon modification of a prior sentence of probation to require an offender to make restitution for losses arising out of an offense alleged in a petition to revoke probation. Defendant contends that the court is

empowered to impose a sentence only for the offense set forth in the information or indictment and may not require restitution for an offense set forth in a petition to revoke probation. On the other hand, the State argues that the court is authorized by the code to "modify" the conditions of probation, and may modify a condition of restitution by increasing the amount to be repaid.

The relevant statutory authority is as follows. Section 5—6—3(b) of the Unified Code of Corrections (Ill. Rev. Stat. 1975, ch. 38, par. 1005—6—3(b)) states that the court may condition a sentence of probation by requiring the offender to:

> "(10) make restitution or reparation in an amount not to exceed actual loss or damage to property and pecuniary loss. The court shall determine the amount and conditions of payment. Where the conditions of payment have not been satisfied, the court, at any time prior to the expiration or termination of the period of probation or of conditional discharge, may impose an additional period. The length of the additional period shall not be more than 2 years. Only the conditions of payment shall continue to apply during such additional period. The court shall retain all of the incidents of the original sentence, including the authority to modify or enlarge the conditions and to revoke the sentence of probation or of conditional discharge if the conditions of payment are violated during such additional period."

Section 5—6—4 of the Code (Ill. Rev. Stat. 1975, ch. 38, par. 1005—6—4) states in pertinent part:

> "(e) If the court finds that the offender has violated a condition [of probation] at any time prior to the expiration or termination of the period, it may continue him *on the existing sentence*, with or without modifying or enlarging the conditions, *or may impose any other sentence that was available under Section 5—5—3 at the time of initial sentencing*." (Emphasis ours.)

■■■ We believe the meaning of the above-quoted sections is clear and unambiguous. Upon revocation or modification of a sentence of probation, the circuit court has only the power to impose a sentence that would have been imposed "at the time of initial sentencing." At the time of sentencing, the trial court may sentence the offender only for the crime or crimes for which he has been convicted and for no other offense. Hence, it follows that the trial court has only the statutory authority to require restitution for losses arising out of the offense for which the defendant was convicted. A crime alleged in a petition to revoke probation is a separate offense for which the defendant may not be sentenced until he has been charged, tried, and convicted in the manner set forth by law. *People v. Koppen* (1975), 29 Ill. App. 3d 29, 329 N.E.2d

421, 424; *People v. White* (1968), 93 Ill. App. 2d 283, 288, 235 N.E.2d 393, 396.

In the instant case, the trial court required defendant to make restitution for losses arising out of the offense alleged in the petition to revoke probation. Under sections 5—6—3(b) and 5—6—4 of the Code (Ill. Rev. Stat. 1975, ch. 38, pars. 1005—6—3(b), 1005—6—4), the trial court had no statutory authority to impose such a sentence upon modification of the original sentence of probation. Accordingly, the sentence of restitution must be vacated.

Vacated in part.

WOODWARD and UNVERZAGT, JJ., concur.