THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* RANDALL DRISKILL (Impleaded), Defendant-Appellant.

(No. 55200; ■■■)

First District—March 30, 1972.

*Rehearing denied May 9, 1972.*

Gerald W. Getty, Public Defender, of Chicago, (John E. Hughes, Ronald P. Katz, and James J. Doherty, Assistant Public Defenders, of counsel,) for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Robert A. Novelle and Robert L. Best, Assistant State's Attorneys, of counsel,) for the People.

Mr. PRESIDING JUSTICE LORENZ delivered the opinion of the court:

On a plea of guilty to the offense of armed robbery defendant was placed on probation for five years with the first ninety days to be served in the County Jail. Subsequently, probation was revoked and defendant was sentenced to a term of eight to twelve years. He appeals and contends that the sentence ultimately imposed upon him was too severe and not warranted by his record.

On May 2, 1968, when the court placed defendant on probation the judge warned defendant that he would be sentenced to a ten to twelve year term if he violated the conditions of his probation.

On August 19, 1968, a warrant was issued for defendant's arrest for violating the terms of his probation. The basis of this warrant was defendant's appearance in court charged with criminal damage to property. A second warrant for defendant's arrest was issued on February 17, 1969, for defendant's violation of probation in failing to report to his probation officer.

On November 18, 1969, a rule to show cause why probation should not be revoked was issued against defendant and, on that same day a probation officer's report on defendant was submitted to the court. That report indicated that on November 5, 1969, defendant appeared in the Municipal Department on charges of unlawful use of weapons and defacing the identification marks on weapons. The report further showed that both charges were dismissed.

On January 16, 1970, at the hearing on the rule to show cause, defense counsel acknowledged that defendant had pleaded guilty to a deceptive practice charge and was sentenced to a term of nine months. The judge pointed out that there was also a warrant pending in Indiana for defendant's alleged passing of a check for which there were no funds available. The court, expressly relying upon only those matters brought out at the hearing, revoked defendant's probation and sentenced him to an eight to twelve year term.

*Opinion*

Defendant contends that the court considered improper factors when it sentenced defendant upon the revocation of his probation. Specifically, defendant contends: that the sentence was greater than the court would have imposed originally had he not been placed on probation; that the sentence was excessive in light of the fact that defendant had no criminal record at the time he was placed on probation; that the sentence totally ignores defendant's potential for rehabilitation; that the judge was mindful of his earlier promise to sentence defendant to a term of ten to twelve years if he violated the conditions of his probation; that the court was not fully apprised of defendant's background and that the minimum, which was excessive under the circumstances of this case, should be lowered thereby giving the parole authority maximum discretion.

■■■ At the outset it must be pointed out that the sentence imposed upon defendant after the revocation of his probation need not be the same as would have been imposed upon him if probation had not been granted. (*People v. Ford* (1972), 4 Ill.App.3d 291.) In a like manner defendant's contention, that a sentence of eight to twelve years was

excessive in light of the fact that defendant had no criminal record at the time he was originally sentenced, is ill-founded in light of *People v. Ford, supra,* where we said that the judge, in imposing a sentence after the revocation of probation may consider defendant's actions after probation had been imposed, not to punish defendant for those subsequent acts, but to better determine his rehabilitation potential. Also it cannot be said that the sentence ultimately imposed upon defendant herein totally ignores defendant's potential for rehabilitation, as the trial judge, after hearing arguments of counsel, expressly took into consideration the possibilities of defendant's rehabilitation and the fact that defendant would be eligible for parole in five years if he recognizes his duty to society.

It cannot be contended that the judge was unduly influenced by the warning previously made to defendant that he would be sentenced to a term of ten to twelve years for violation of probation because the judge reduced the minimum substantially.

■■ While defendant contends that the court was not fully apprised of defendant's background, the record reveals that both matters in mitigation and defendant's background were brought to the court's attention prior to both defendant's being placed on probation and his sentencing upon the revocation thereof. Moreover, the burden is upon defendant to produce evidence in mitigation. *People v. Nelson* (1968), 41 Ill.2d 364, 367, 243 N.E.2d 225, 227.

■■ This is not an appropriate case for this court to exercise its power to reduce sentence. The sentence ultimately imposed is within the limits prescribed by the legislature * for armed robbery is not at variance with the purpose and spirit of the law or in excess of the proscriptions found in the Constitution, (*People v. Taylor* (1965), 33 Ill.2d 417, 424, 211 N.E.2d 673, 677 and *People v. Miller* (1965), 33 Ill.2d 439, 444-445, 211 N.E.2d 708, 712, and, in light of the factors which led to the revocation of probation, does not represent an abuse of the trial court's discretion, *People v. Golston* (1971), 1 Ill.App.3d 132, 135, 273 N.E.2d 614, 617.

The judgment is affirmed.

Judgment affirmed.

DRUCKER and ENGLISH, JJ., concur.

---

* Ill. Rev. Stat. 1967, ch. 38, par. 18—2(b).