THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
BRYANT D. SHOCKLEY, Defendant-Appellant.

Fifth District   No. 76-153

Opinion filed September 26, 1977.—Rehearing denied December 30, 1977.

G. MORAN, J., dissenting.

Michael J. Rosborough and A. Michael Kopec, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Nicholas G. Byron, State's Attorney, of Edwardsville (James E. Hinterlong, of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE KARNS delivered the opinion of the court:

Defendant appeals the order of the Circuit Court of Madison County sentencing him to a prison term of two to six years following revocation of his probation for burglary.

Defendant pleaded guilty to the offense of burglary in a negotiated plea on March 13, 1975. The evidence against the defendant showed that he and two other youths had burglarized the home of a vacationing family, taking several guns and a coin collection. Upon his arrest on the basis of a tip given to police, the defendant confessed his guilt, implicated his partners in crime, and aided police in the recovery of the stolen goods. The presentence report prepared after defendant's guilty plea indicates that on April 2, 1975, defendant was given a travel permit to seek employment and visit his uncle in Houston, Texas. On April 14 defendant began working at the Havatampa Wholesale Center in. Houston. A sentencing hearing on the burglary charge was conducted on July 1, 1975. At the hearing, defendant presented an affirmative plan to continue to live with his uncle and work in Houston. The court sentenced him to two years probation.

A petition to revoke probation was filed on February 12, 1976, alleging that the defendant had violated his probation by committing the offense of theft of less than $150 in Madison County. At the hearing, defendant admitted the alleged violation and his probation was revoked. A sentencing hearing was held on March 19, 1976. Defendant's presentence report indicated that he had, while on probation, worked in Houston while living with his uncle, and had returned to Illinois after losing his job in August of 1975 because of an industrial injury. In sentencing the defendant to two to six years in prison on the original charge of burglary, the court stated that the defendant had demonstrated an inability to control his impulses toward crime, that the court's past leniency with him had meant nothing to him, and that it was therefore necessary to sentence him to a higher than minimum term of imprisonment.

On appeal, the defendant argues that the imposition of a two- to six-year term of imprisonment by the court sentenced him on the basis of his actions while on probation. He contends that the sentencing judge's

comments, coupled with the fact that the judge at the sentencing hearing was not the judge that presided over the burglary trial, and therefore not familiar with the facts of the original case, clearly shows that the court imposed a higher sentence based only upon defendant's acts while on probation.

We are empowered by Supreme Court Rule 615(b)(4) (Ill. Rev. Stat. 1975, ch. 110A, par. 615(b)(4)) to reduce sentences imposed by the trial court. In order to do so, however, we must find a manifest and arbitrary abuse of the trial court's discretion. Such an abuse will be found to exist if the sentence imposed is at variance with the purpose and spirit of the law, or greatly disproportionate to the nature of the crime. *People v. Willett*, 44 Ill. App. 3d 545, 358 N.E.2d 657 (5th Dist. 1976); *People v. Grau*, 29 Ill. App. 3d 327, 330 N.E.2d 530 (5th Dist. 1975).

When a defendant is admitted to probation and that probation is subsequently revoked, the court may sentence the defendant to any sentence that would have been appropriate for the original offense. (*People v. Bullion*, 21 Ill. App. 3d 297, 314 N.E.2d 731 (5th Dist. 1974).) The sentence imposed in the instant case was within statutory limits. Ill. Rev. Stat. 1975, ch. 38, pars. 19—1, 1005—8—1(b)(3), 1005—8—1(c)(3).

■■■ The trial court, in considering the sentence to be imposed, must consider the nature and circumstances of the offense and the history and character of the defendant, particularly where the minimum sentence imposed is greater than the minimum established by statute. (Ill. Rev. Stat. 1975, ch. 38, par. 1005—8—1(c)(3); *People v. Coultas*, 30 Ill. App. 3d 81, 332 N.E.2d 169 (5th Dist. 1975).) Where a defendant is sentenced following revocation of probation, it is proper for the trial court to consider defendant's conduct on probation in assessing his history, character and rehabilitative potential. (*People v. Ford*, 4 Ill. App. 3d 291, 280 N.E.2d 728 (1st Dist. 1972); *People v. Tatum*, 29 Ill. App. 3d 251, 330 N.E.2d 281 (4th Dist. 1975).) It follows, therefore, that if the defendant's conduct on probation reflects poorly on his rehabilitative potential, the trial court may impose a more severe sentence than the one which he may have initially imposed. (*People v. Koppen*, 29 Ill. App. 3d 29, 329 N.E.2d 421 (2d Dist. 1975); *People v. Driskill*, 5 Ill. App. 3d 46, 282 N.E.2d 480 (1st Dist. 1972).) It is illogical to argue, as defendant does in this case, that conduct while on probation may not be considered in fixing punishment on the original conviction. Aside from the fact that defendant violated probation, the sentencing court would be confronted with the exact circumstances which originally led it to believe defendant to be a fit subject for probation. It would follow that the trial court's only alternative would be to place defendant on probation again. We do not believe the discretion of the sentencing court should be so absurdly circumscribed by such tortured logic.

In the instant case, defendant's prior criminal record shows a conviction in 1973 for battery and, in 1974, a sentence of two year's probation without judgment of guilt for the misdemeanor of unlawful possession of cannabis under 2.5 grams. The trial court properly considered these prior offenses, as well as defendant's conduct on probation, in assessing defendant's history, character and rehabilitative potential. While it is unfortunate that defendant lost his job in Texas, we cannot say that the trial court abused its discretion in imposing a sentence greater than the statutory minimum.

The decision of the Circuit Court of Madison County is affirmed.

Affirmed.

JONES, J., concurs.

Mr. JUSTICE GEORGE J. MORAN, dissenting:

In my opinion while continued probation does not accurately reflect the defendant's rehabilitative potential, neither does a sentence of two to six years imprisonment for the original burglary conviction. It is relevant to note that defendant was also denied credit for the 7½ months he spent on probation, making his sentence even more severe. There was a notable absence of aggravating circumstances surrounding defendant's original crime that leads me to conclude that the trial court abused its discretion in resentencing the defendant to a higher than minimum term of imprisonment, even with the additional factor of the defendant's lower rehabilitative potential as shown by his subsequent act of petty theft.