THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* SOLOMON THORNTON, Defendant-Appellant.

Fifth District   No. 77-507

Opinion filed March 29, 1979.

Michael J. Rosborough and Jeff M. Plesko, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Clyde L. Kuehn, State's Attorney, of Belleville (Raymond F. Buckley, Jr., of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE KASSERMAN delivered the opinion of the court:

The defendant, Solomon Thornton, appeals from a sentence to the Department of Corrections for not less than five years nor more than 15 years after revocation of probation granted him upon a burglary conviction.

On April 28, 1975, pursuant to a negotiated plea, defendant pleaded guilty to burglary and was sentenced to three years probation, upon the conditions that he serve six months imprisonment and pay a $200 fine as incidents of probation. On March 10, 1976, a petition to revoke probation was filed alleging that defendant had committed a burglary. On April 5, 1976, the court ordered an arrest warrant to issue for defendant's escape from custody. On October 6, 1976, the court ordered that defendant's probation be terminated with leave to reinstate if the defendant is again found within the jurisdiction of the court. On July 28, 1977, the court ordered a presentence investigation; and on August 11, 1977, a hearing was held on the petition to revoke probation, at which time the court found that defendant had violated his probation. The court revoked defendant's probation, and the case proceeded to a hearing in aggravation and mitigation and to sentencing.

Defendant raises two issues: (1) whether the preparation of a presentence report prior to revocation of probation was error where other indications of prejudgment and bias toward defendant allegedly were evident; and (2) whether the sentence was an abuse of discretion.

■■ The defendant alleges that the court's issuance of the arrest warrant and termination of probation for failure to report would make it impossible for the court to be free from bias. Further, the defendant states that because the presentence investigation stated defendant was in violation of probation, the court may have been influenced by that opinion. In examining the record, we find that at no time during the

revocation proceedings did the defendant suggest prejudice or impropriety on the part of the trial judge. The defendant was at all times represented by counsel, yet there was no motion for substitution of judges or for a continuance to move for substitution of judges. There was no motion for modification of sentence or for a new hearing on the petition to revoke. The presentence report now complained of was on file before the revocation hearing; however, no objection to its preparation, filing, or contents was ever made in the trial court. To the contrary, defendant made corrections to his scholastic and work record contained in the report. This court could well conclude that the defendant waived any error concerning the presentence report for purposes of this appeal (*People v. Emmett* (1st Dist. 1975), 34 Ill. App. 3d 167, 340 N.E.2d 235; *People v. Placek* (2d Dist. 1976), 43 Ill. App. 3d 818, 357 N.E.2d 660); however, it is our decision to rule on the merits of the issue rather than on a waiver basis.

■■ Unless actual bias is shown, it is not error for a court to be guided by presentence reports which are in effect a history and summation of the defendant's conduct, even if such reports are prepared prior to the revocation hearing. (*People v. Estes* (3d Dist. 1977), 46 Ill. App. 3d 339, 360 N.E.2d 1165.) In the case at bar, defendant has not shown actual prejudice but assumes prejudice from various ministerial acts of the court. We fail to see how the issuance of an arrest warrant after defendant escaped from custody or how the issuance of an order to terminate probation with leave to reinstate if defendant is found can be construed as a potential for prejudice or bias. Before the issuance of the warrant and the entry of the order, defendant had ceased to report to his probation officer, as ordered, and could not be located. As for the opinion of the probation office that defendant had violated his probation, the court is presumed to have disregarded any incompetent evidence (*People v. Grau* (5th Dist. 1975), 29 Ill. App. 3d 327, 330 N.E.2d 530), and that opinion more reasonably would have been based on the failure of defendant to report rather than on the allegation that he had committed a burglary, which was the only allegation in the petition to revoke probation. Contrasted to defendant's allegations, the court refused to consider any evidence of defendant's failure to report and of his escape until the sentencing hearing. Further, the evidence was overwhelming that defendant committed the burglary as alleged in the petition to revoke probation.

■■■ The presentence investigation shows that defendant is 25 years of age and was convicted of felony theft in 1970 for which he was to serve two years' probation. However, one month later, defendant's probation was revoked, and he was sentenced to the Department of Corrections for not less than one year nor more than three years. In 1973, defendant was

convicted of unlawful use of weapons and failure to have a firearm owner's identification card. Defendant committed the burglary on which he was convicted in the case at bar on December 4, 1974. He has maintained a very sporadic work record, and his demeanor during the proceedings made a negative impression on the court. The conviction appears to have arisen out of a residential burglary, and his probation was revoked for the commission of a residential burglary. The trial court has a superior opportunity during trial court proceedings and at the sentencing hearing to acquire information about defendant which would be helpful in determining a suitable punishment. (*People v. Butler* (1976), 64 Ill. 2d 485, 356 N.E.2d 330.) Defendant's actions while on probation may be used in reassessing defendant's potential for rehabilitation. (*People v. Willett* (5th Dist. 1976), 44 Ill. App. 3d 545, 358 N.E.2d 657.) Considering the nature and circumstances of the offense and particularly the history and character of the defendant, we cannot say that the sentence imposed in the case at bar is an abuse of discretion. *People v. Perruquet* (1977), 68 Ill. 2d 149, 368 N.E.2d 882.

For the foregoing reasons, the judgment of the circuit court of St. Clair County is affirmed.

Affirmed.

KARNS and KUNCE, JJ., concur.[1]

---

[1] Mr. Presiding Justice George Moran, who was originally assigned to this case, did not participate in the decision.