THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ROSIE HIGGINS, Defendant-Appellant.

First District (5th Division)    No. 79-2189

Opinion filed December 24, 1980.

James J. Doherty, Public Defender, of Chicago (Timothy O'Neill, Assistant Public Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Marcia B. Orr and Richard F. Burke, Assistant State's Attorneys, of counsel), for the People.

Mr. PRESIDING JUSTICE SULLIVAN delivered the opinion of the court:

Following a bench trial, defendant was convicted of voluntary manslaughter. (Ill. Rev. Stat. 1977, ch. 38, par. 9—2.) Following the submission of a presentence investigation report, she was sentenced to four years probation on condition she serve the first 18 months at periodic imprisonment. She was subsequently found in violation of probation and given a 3-year sentence, the minimum term of incarceration, with a credit of one year for time served on probation and conditional release. Defendant now appeals, contending that the trial court erred in not ordering a presentence investigation report before imposing the determinate term of incarceration.

Defendant, who had waived a presentence investigation report, now argues that she is nevertheless entitled to a new sentencing hearing and that, although she received the minimum possible sentence, if there had been a proper presentence investigation report, the trial court might have considered granting her additional credit for time served while on probation. The State argues that the trial court acted properly in allowing defendant to waive her right to such a report because one had been received and considered by the trial court before the sentencing on the original conviction; that a second report was unnecessary to the determination of a proper sentence under the circumstances here; and that the purpose of the presentence report was fulfilled by the testimony at the hearing on violation of probation. In any event, the State maintains that defendant was not prejudiced, since the court could not have "been more generous" in sentencing her to the minimum term of incarceration.

In *People v. Youngbey* (1980), 82 Ill. 2d 556, 413 N.E.2d 416, the supreme court held that the statutory requirement of section 5—3—1 of the Unified Code of Corrections that a presentence investigation be presented (Ill. Rev. Stat. 1979, ch. 38, par. 1005—3—1, as amended effective February 1, 1978) is not an unconstitutional encroachment by the legislature on the sentencing power of the judiciary, and is a mandatory requirement in felony cases which may not be waived by the defendant.

In reaching those conclusions, after commenting that a presentence investigation report is intended to serve as a useful tool for the trial judge, the court in *Youngbey* stated:

"We therefore cannot say that a trial judge will be sufficiently apprised of the defendant's criminal record in the absence of the mandatory presentence investigation and report. We conclude that section 5—3—1 sets forth a mandatory, reasonable legislative requirement which, not being a personal right of the defendant, cannot be waived." 82 Ill. 2d 556, 565.

Section 5—3—1 does not specifically encompass a probation revocation proceeding, and we held in *People v. Martin* (1979), 76 Ill. App. 3d 765, 395 N.E.2d 24, that the requirement of a presentence report did not apply to sentencing for a felony where probation was revoked. In *Martin*, we noted that section 5—4—1 of the Unified Code of Corrections, which *does not require a presentence report, governs the sentencing procedure* when probation is revoked and, because section 5—4—1 was not changed by the legislature to reflect a mandatory presentence report when section 5—3—1 was amended, we believe our holding in *Martin* should control. We conclude no presentence investigation report was required under the circumstances of this case.

Therefore, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

LORENZ and WILSON, JJ., concur.