THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
ARMIN E. STAHLMAN, Defendant-Appellant.

Fifth District    No. 80-300

Opinion filed January 8, 1982.

John H. Reid, of State Appellate Defender's Office, of Mt. Vernon, for appellant.

William A. Schuwerk, Jr., State's Attorney, of Chester (Martin N. Ashley and Nicholas B. Svalina, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

PER CURIAM: The defendant, Armin E. Stahlman, was convicted of unlawful possession of a controlled substance and unlawful possession of more than 30 grams but less than 500 grams of a substance containing cannabis. Defendant, age 30, was sentenced to probation, which subsequently was revoked. After a sentencing hearing on May 29, 1980, defendant was sentenced to four years' imprisonment on the unlawful possession of a controlled substance conviction and three years' imprisonment on the unlawful possession of cannabis conviction, such sentences to run concurrently. On appeal, defendant contends (1) that he is entitled to a new sentencing hearing because the court failed to order an updated presentence report and (2) that the court abused its discretion in sen-

tencing defendant by considering that defendant had been dealing in drugs, when the record allegedly contains no evidence of "dealing."

Before defendant was sentenced to probation on March 2, 1979, a presentence report was prepared and filed in the record. The presentence investigation revealed that defendant had been convicted of two counts of burglary and one count of attempt burglary in 1970 and sentenced to probation. It further established that in 1973 defendant had been convicted of illegal possession of cannabis, possession of a hypodermic syringe and disorderly conduct and that in 1976 he had been convicted of unlawful possession of a prescription form. In 1974, he had a charge disposed of under section 410 of the Illinois Controlled Substances Act (Ill. Rev. Stat. 1973, ch. 56½, par. 1410). The presentence report further indicated that defendant has been employed by the Zeigler Coal Company since July 19, 1974, and that he has never been married and has no dependents. Defendant has a high school education and has attended college. At the first sentencing hearing, the testimony established that defendant's father has been paralyzed from the waist down since May 23, 1975, and has relied a great deal on defendant to take him places.

Defendant's probation was revoked, on the basis of his having committed forgery and his unlawful possession of a prescription form, after defendant admitted the allegations of the petition to revoke probation. The State's Attorney then stated that it was his understanding that defendant would waive a presentence report and on the foregoing basis, the State would also waive a presentence report. Defense counsel stated that he had advised defendant that he had a right to an updated presentence report but that defendant preferred to tell the court where he had been during the year in which he had been on probation and be sentenced that day rather than wait for an updated presentence report. The court personally addressed the defendant and advised him of his right to another presentence report, and defendant stated that he waived the presentence report. The court stated that it was fairly familiar with defendant due to his court appearances and would concur in the waiver of a new presentence report.

Defendant then testified that he is presently living with his girlfriend and three of her children and that he and his girlfriend planned to get married during miner's vacation. Defendant is a general laborer for the Zeigler Coal Company and had worked steadily for the last six months after a long layoff. Defendant then stated his prior criminal record. Defendant had not been arrested or otherwise in trouble, except for the charges which led to revocation of probation, since being sentenced to probation. The parties then stated that they had no objection to the court considering the presentence report already on file, and both parties made sentencing recommendations.

Defendant relies on *People v. Youngbey* (1980), 82 Ill. 2d 556, 413 N.E.2d 417, in which defendants were convicted at a bench trial. After the court denied their motions for a new trial, both the State and defendants waived the presentence report and requested an immediate sentencing hearing. The trial court held that section 5—3—1 of the Unified Code of Corrections (Ill. Rev. Stat. 1979, ch. 38, par. 1005—3—1) was unconstitutional as an invasion of the sentencing powers of the court. Section 5—3—1 provides:

"Presentence Investigation. A defendant shall not be sentenced for a felony before a written presentence report of investigation is presented to and considered by the court.

However, the court need not order a presentence report of investigation where both parties agree to the imposition of a specific sentence, provided there is a finding made for the record as to the defendant's history of delinquency or criminality, including any previous sentence to a term of probation, periodic imprisonment, conditional discharge, or imprisonment."

Our supreme court ruled that section 5—3—1 is constitutional and that a defendant cannot waive a presentence investigation unless both parties agree to a specific sentence. Thus, *Youngbey* indicates that a presentence report must be provided in the record absent a stipulation to sentence by the parties and a finding of prior criminal activity. In the case at bar, a presentence report was, in fact, made after defendant was found guilty; however, the issue in the instant case remains whether such presentence report is sufficient to comply with the statute when the parties waive an update as defendant did in the case at bar.

The question was answered by *People v. Higgins* (1980), 92 Ill. App. 3d 27, 416 N.E.2d 9. In *Higgins*, defendant was convicted of voluntary manslaughter in a bench trial. Following the submission of a presentence report, she was sentenced to probation and given a three-year sentence. Although Higgins waived the preparation of an updated presentence investigation, on appeal she maintained that she was entitled to a new sentencing hearing because a proper or updated presentence report had not been prepared. The appellate court ruled that the requirement of a presentence report did not apply to sentencing for a felony where probation was revoked.

■■ We conclude, therefore, that a defendant can waive errors in a deficient presentence report. (*People v. Meeks* (1980), 81 Ill. 2d 524, 411 N.E.2d 9.) Moreover, the absence of an updated presentence report is a form of deficiency. The presentence report on file in the case at bar is deficient in that it does not reflect defendant's history since the time of admission to probation. However, defendant's testimony supplied the missing information. When a person is sentenced after revocation of pro-

bation, the sentence must be imposed on the basis of the offense for which he was placed on probation and not for his conduct while on probation, although the court may reassess his potential for rehabilitation based on conduct while on probation. (*People v. Shockley* (1977), 54 Ill. App. 3d 1041, 370 N.E.2d 551.) Consequently, the most relevant information is the history and character of the defendant at the time of the offense for which he was placed on probation. Further, in the instant case, at the time of sentencing, the court also had before it evidence of the conduct of defendant which led to probation revocation. Section 5—6—4(h) of the Unified Code of Corrections (Ill. Rev. Stat. 1979, ch. 38, par. 1005—6—4(h)) provides, in part, that resentencing after probation shall be under article 4 (Ill. Rev. Stat. 1979, ch. 38, par. 1005—4—1 *et seq.*). Article 3 (Ill. Rev. Stat. 1979, ch. 38, par. 1005—3—1 *et seq.*) is not mentioned under the provisions for resentencing after violation of probation. Therefore, had the legislature wished to require an updated or second presentence report after violation of probation, it could have so provided by including in section 5—6—4(h) article 3 as well as article 4 of the Unified Code of Corrections. (*People v. Higgins.*) For the foregoing reasons, we find that no error was committed on the facts of this case in allowing defendant and the State to waive a presentence investigation.

This court is aware of *People v. Demma* (1980), 92 Ill. App. 3d 303, 415 N.E.2d 1244, in which the court vacated the sentence after revocation of probation and remanded the case for a new sentencing hearing because the updated presentence report was not prepared. *Demma*, however, is factually distinguishable from the case at bar. Demma was resentenced approximately four years after the preparation of the presentence report while in the case at bar only 14 months elapsed between initial sentencing and preparation of a presentence report and resentencing. Demma had been convicted of other crimes in the interim and the State and defendant disputed his attempts to complete a drug rehabilitation program, which was a condition of probation. In the case at bar, the record does not indicate any need for an updated presentence report as the defendant testified to his activities and the State did not attempt to contradict that testimony. By this order we do not rule that in every case where only 14 months elapses between a presentence report and revocation of probation, an updated presentence report is not necessary. We do rule that on the facts of this case an updated presentence report could be waived by the parties.

In sentencing defendant, the following occurred:

"By the Court: Mr. Stahlman do you have anything you wish to say?

Defendant Stahlman: The only thing that I can say in my own behalf is that if I was given the maximum sentence like the State

suggests, this might sound rather corny or whatever you want to say, it's not so much for me but my girlfriend and her children I would like to receive a minimum sentence so I will get back out because we plan to get married. Even if I am sentenced to prison we plan to get married and I like to get out as soon as possible so I can get out and work and support her and her children.

By the Court: Armin, the wheels of justice grind slowly and I think in this case they have. I note that in 1979 when I granted you probation, at that time it was done with a great deal of reluctance. In view of the prior record that you have accomplished and we heard a great deal of testimony at that time from your family and there was a statement made that you were helping your invalid father and to some extent and all of these various reasons were stated and I know that the Court finally, although the Court was at that time dispositioned to give you a sentence in the penitentiary, went along with the argument that was made and decided to give you one more chance and to one more time see if you would live up to the faith and trust that people were placing in you. And if you would finally turn over a new leaf and try to make your life go in a new direction, but apparently you haven't. Looking at your record, the first time you were convicted in this court was approximately ten years ago and you were younger at that time and I think that's the only time you maybe, maybe somebody could have made the argument, well, it was a young teenager who hadn't grown up, gone off in the wrong direction and you were given a break. You are no teenager any more. You are a man twenty-eight years of age. You had many years here and a long, long time to think about what you are doing and knowing what you are facing. It isn't a case of somebody misleading a youngster or something like that. I have to go along with what the State has said about giving you breaks. I think you have been given about as many breaks by the Court as I know of anybody that's ever been in this court over the years. Even on some of these misdemeanors where you could have been sentenced for up to a year, nobody saw fit to do it on those charges even in spite of the fact that you had a felony record at that time. I think the long record here is sufficient without any doubt to deny any further probation and that's what I am doing because I don't believe any further probation in this case is warranted, because as I stated, even with a great deal of reluctance I gave you another chance about a year ago. Based on all this record and based on your prior delinquency record and this prior, not delinquency, but your prior criminal record that you have accomplished here and just your prior felony record alone; you now have been convicted

on three felonies in this court. I agree with one thing that you have said that apparently you haven't caused any great harm in a violent way to anybody. I don't know that you are not harming people too being in the drug scene as you have been all these years. You have never gotten out of it apparently. You just stayed in, stayed in very quitely [*sic*] until you get caught and you go right back to it again. You say you never harmed anyone; maybe you haven't in a violate [*sic*] physical way, but how do we know what kind of harm you might be doing out there dealing in drugs over the years as you have been doing. I will give you the benefit of the doubt you have not harmed anybody violently.

Defendant Stahlman: Your Honor, the only thing I could say in response to that is there is no way to prove, polygraph test, is the only thing I could say. ˙

By the Court: You probably done more harm to yourself than anybody else.

Defendant Stahlman: Yes, I never been involved.

By the Court: You deteoriorated [*sic*] over the years.

Defendant Stahlman: I never been involved in dealing with drugs whatsoever.

By the Court: Whatever it is you are doing with drugs, you keep getting caught with drugs or something connected with the drug scene and based on your record to give any kind of deterrance to anyone else, I do think you deserve time in the penitentiary and I don't think it should be a minimum, in view of the fact you have been given all those breaks in the past and been warned time and time again what was going to happen to you if you didn't straighten out. You are not a teenager any more. You are a man of twenty-eight. You had plenty opportunity to think about this in a serious way. At this time I am going to sentence you to the Illinois State Penitentiary, Department of Corrections of the State of Illinois on the charge of unlawful possession of a controlled substance for a term of four years. On the charge of unlawful possession of cannabis, I am going to sentence you to the Illinois Department of Corrections, State Penitentiary, State of Illinois, for a period of three years. These sentences are to be served concurrently."

■■ Defendant contends that the court improperly concluded that he had been "dealing" in drugs. No evidence was presented that defendant had been selling controlled substances to others, nor did any of the offenses included in defendant's history of criminality have as an element intent to deliver. A trial court is presumed to disregard incompetent evidence (*People v. Thornton* (1979), 70 Ill. App. 3d 532, 388 N.E.2d 923); and,

although the trial court referred to defendant's "dealing" in drugs, we find that the court did not base defendant's sentence on a finding that defendant had been engaged in the sale of controlled substances. To the contrary, the court alluded to the fact that if any harm had come from defendant's "dealing," it was to defendant himself.

We conclude that the court did not abuse its discretion in imposing sentence on defendant; therefore, the sentence of the trial court is affirmed. *Cf. People v. Perruquet* (1977), 68 Ill. 2d 149, 368 N.E.2d 882.

We have taken the case under advisement without oral argument pursuant to Supreme Court Rule 352(a) (73 Ill. 2d R. 352(a)).

Affirmed.

HARRISON and WELCH, JJ., took no part in the consideration or decision of this case.