THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JOHN C. REZNICK, Defendant-Appellant.

Fifth District   No. 5—84—0718

Opinion filed March 10, 1986.

594

Randy E. Blue and Michelle A. Zalisko, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Michael Kiley, Special Prosecutor, of Shelbyville (Kenneth R. Boyle, Stephen E. Norris, and Rayond F. Buckley, Jr., all of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE KARNS delivered the opinion of the court:

The defendant, John C. Reznick, pleaded guilty to felony theft and was sentenced to probation. The State subsequently filed a motion to revoke probation. After a hearing, the court revoked probation, and on October 26, 1984, defendant was sentenced to five years' imprisonment. On November 1, 1984, the court entered an order which purported to extend the sentence by making it consecutive to the sentence in Fayette County cause No. 82—CF—40. On appeal, defendant contends that (1) the court improperly imposed consecutive sentences; (2) that the court improperly commingled the violations which led to a revocation of probation with the offense for which defendant was being sentenced when the court imposed sentence; and (3) that defendant was improperly denied certain credits for time served.

On October 26, 1984, defendant was sentenced upon revocation of probation and the court stated, in part:

"I'm going to sentence the defendant *** to the penitentiary for a period of five years. The defendant will not be given any credit for time spent on probation. He will be given credit for time that was served; that will have to be computed and certified pursuant to statute made and provided ***.

The court will enter judgment upon its previous findings that the defendant violated the terms and provisions of his probation, a judgment upon his finding that probation should be revoked and a judgment will be entered upon this sentence. The written judgment order will be prepared ***."

On October 26, 1984, a "Mittimus for State Penal Institutions" along with the "Judgment and Sentence" was filed. The "Judgment and Sentence" stated, in part, "the court hereby sentences said defendant to imprisonment and fixes the term of imprisonment at five years with credit for time served in Fayette County Jail. No credit to be given for time deft. was on probation."

On October 30, 1984, a "Judgment" order was entered which recited the court's considerations and findings as well as the sentence. In paragraph 2, the word "concurrently" had originally been typed

but was stricken out and "consecutively" typed above "concurrently." Thus amended, the "Judgment" recited the instant sentences were to be served consecutively to Fayette County case No. 82—CF—40.

On November 1, 1984, the court entered an order which stated in pertinent part:

"2. That there appears a scrivener's error in paragraph 2 of the order portion of this Court's Judgment filed October 30, 1984.

WHEREFORE, it is hereby ordered that this Court's Judgment of October 30, 1984 be amended instanter by interlineation so as to provide in the order portion of that Judgment as follows:

'2. The term of imprisonment ordered herein shall run consecutively to the term of imprisonment ordered by this Court in case number 82—CF—40 in Fayette County, Illinois.' "

■ Defendant contends that the order of November 1, 1984, improperly increased his sentence. The State contends that where the court, in pronouncing sentence, did not state whether the term was to run concurrently or consecutively with a previous term, the specification of this point in the written sentencing order did not constitute a change in the sentence.

A similar issue was raised in *People v. Muellner* (1979), 70 Ill. App. 3d 671, 388 N.E.2d 851. In *Muellner*, following a hearing in aggravation and mitigation, defendant was sentenced to concurrent terms of four to eight years' imprisonment; however, 11 days after sentence was imposed, the trial court altered the sentence, upon the State's motion, so as to cause the sentences for rape to run consecutively to those imposed for deviate sexual assault. This court modified the sentences to be served concurrently and ruled that a trial court may, within 30 days of imposing sentence, reduce the sentence imposed but may not increase the sentence.

In *People v. Hills* (1980), 78 Ill. 2d 500, 401 N.E.2d 523, defendant was sentenced after revocation of probation on July 28, 1977, and the court, at that time, made no mention of time served on probation (Ill. Rev. Stat. 1977, ch. 38, par. 1005—6—4(h)). On August 5, 1977, the circuit court convened another hearing in order to "make the record clear as it should be" and ordered that defendant be denied credit for the time spent on probation. The supreme court ruled that section 5—8—1 of the Unified Code of Corrections expressly proscribed an increase in sentence after it was imposed.

In the case at bar, the written order stating that the sentence was to be concurrent was not a mere scrivener's error, as the court did not state at the sentencing hearing that the sentences were to be served consecutively to the previously imposed official misconduct sentence. The omission at the sentencing hearing to state that the sentence was to be served consecutively is analogous to the omission in *Hills* that the defendant was denied credit for time served on probation. We find that the November 1, 1984, order impermissibly increased defendant's sentence. Therefore, the sentence in the case at bar is modified to be served concurrently with the sentence in Fayette County, case No. 82—CF—40.

The defendant next contends that the circuit court improperly commingled the original offense and the probation revocation offense at defendant's sentencing hearing. Defendant states that in resentencing defendant, the circuit court commented at length on defendant's behavior on probation, stating that the probation violation was not technical or minor and that by not obeying the probation order defendant took advantage and made a mockery of the court. Defendant points to portions of the court's statement that defendant had violated the trust placed upon him by the court when defendant was granted probation and that "we've proceeded to a completely new sentencing hearing based upon defendant's conduct since he was placed on probation."

■■ ■ This court is empowered by Supreme Court Rule 615(b)(4) (87 Ill. 2d R. 615(b)(4)) to reduce sentences imposed by the trial court. In order to do so, however, we must find a manifest and arbitrary abuse of the trial court's discretion. Such an abuse will be found to exist if the sentence imposed is at variance with the spirit and purpose of the law, or greatly disproportionate to the nature of the crime. When a defendant is admitted to probation and that probation is subsequently revoked, the court may sentence the defendant to any sentence that would have been appropriate for the original offense. (*People v. Shockley* (1977), 54 Ill. App. 3d 1041, 1043, 370 N.E.2d 551, 552-53.) The sentence imposed in the instant case was within statutory limits. Ill. Rev. Stat. 1983, ch. 38, pars. 16—1(e)(3), 1005—8—1(a)(6).

■■ Where a defendant is sentenced following revocation of probation, it is proper for the trial court to consider defendant's conduct on probation in assessing his history, character, and rehabilitative potential. (*People v. Ford* (1972), 4 Ill. App. 3d 291, 293, 280 N.E.2d 728, 730; *People v. Shockley* (1977), 54 Ill. App. 3d 1041, 1043, 370 N.E.2d 551, 553.) It follows, therefore, that if defendant's conduct on

probation reflects poorly on his rehabilitative potential, the trial court may impose a more severe sentence than the one which the court may have initially imposed. In the case at bar, defendant was sentenced to probation for a term of 30 months. As a condition of probation, defendant was sentenced to the following term of periodic imprisonment:

> "A determinate term of work release, Monday through Friday from 7:00 a.m. to 6:00 p.m., for SIXTY (60) DAYS in the custody of the County Sheriff.
>
> A periodic determinate term of THIRTEEN (13) MONTHS of weekends in the custody of the County Sheriff, commencing March, 1984 from Friday at 6:00 p.m. to Monday at 7:00 a.m. The defendant shall serve every weekend of the month except the last weekend of each month for that term."

The foregoing incidents of probation were subsequently modified: (1) defendant was allowed to travel to Switzerland for business purposes during the 60-day work release on the condition that the days missed would be added at the end of the term; (2) that defendant would not have to report to the jail until 10 p.m. on Friday or 12 noon on Saturday if he were making business telephone calls or participating in other business related activities. The court found, based upon the evidence presented on the petition to revoke probation that defendant emasculated and ignored the provisions of his probation; therefore, the violations of probation were not minor as defendant contended. The court further stated that defendant used the jail as his personal living quarters as he came and went as he pleased. Sometimes defendant left the jail at 1 a.m., presumably to go to work, and did not report to the jail on Saturday afternoons or Sundays.

We do not find that the trial court impermissibly commingled or punished defendant for his actions which led to revocation of probation but sentenced defendant for the offense for which he stands convicted after reassessing defendant's potential for rehabilitation. This case involves defendant's second felony conviction. The fact that the trial judge attempted periodic imprisonment as an incident of probation does not denigrate the gravity of the offense. It merely indicates that the court was willing to give the defendant a chance. (See *People v. Ingram* (1981), 95 Ill. App. 3d 321, 322, 420 N.E.2d 187.) Prior to defendant's convictions, he was an attorney licensed to practice law in this State and State's Attorney of Fayette County. The court conscientiously tailored the incidents of probation to defendant's new employment hours. By defendant's legal education and position, he knew that the court's order must be complied with;

yet, he repeatedly violated that order. Defendant did not just arrive a few minutes late, he often did not even appear at the jail to serve his sentence. Therefore, the court was correct in characterizing the violations as serious rather than being of a minor or technical nature.

Defendant, relying on *People v. Coles* (1974), 20 Ill. App. 3d 851, 314 N.E.2d 526, contends that the court placed undue emphasis on defendant's breach of the court's trust when he violated probation. In *Coles*, the court found that the only justification for the sentence was the finding that defendant violated the trust placed in her when she was given probation. In the case at bar, the sentence is supported by factors previously discussed in this order.

■ Defendant next contends that the court's statement concerning a completely new sentencing hearing based upon defendant's conduct since being placed on probation indicates that the court sentenced defendant as punishment for violating probation. It is illogical to argue that conduct while on probation may not be considered in fixing punishment on the original conviction. Aside from the fact that defendant violated probation, the sentencing court would be confronted with the exact circumstances which originally led it to believe defendant to be a fit subject for probation. It follows that the trial court's only alternative would be to place defendant on probation again. The discretion of the sentencing court should not be so absurdly circumscribed by such tortured logic. (*People v. Shockley* (1977), 54 Ill. App. 3d 1041, 1043, 370 N.E.2d 551, 553.) In the case at bar, we find that the court's statement to which defendant takes exception was a recognition of the foregoing considerations and not indicative that defendant would be punished simply for violating probation. The court's statement that the "evidence received upon the trial which in this instance consisted of evidence that was presented at the [probation] revocation hearing" is a recognition that defendant was convicted after a plea rather than a trial and not as defendant contends indicates that the court ignored the basis for the conviction. In fact, the court commenced his sentencing statement with: "I have considered the evidence which was given to the court at the time of the acceptance of the plea of the defendant ***. I've considered the pre-sentence report. I've considered the evidence and information by the parties in aggravation and in mitigation."

■ We have examined the entire record on appeal and read the briefs of the parties and cannot find that a five-year sentence of imprisonment was an abuse of discretion. See *People v. Cox* (1980), 82 Ill. 2d 268, 280, 412 N.E.2d 541, 547.

■ Defendant lastly contends that the court erred in denying

him credit for the time he spent in the county jail as part of his order of probation. Section 5—8—7(b) of the Unified Code of Corrections (Ill. Rev. Stat. 1983, ch. 38, par. 5—8—7(b)) provides:

"The offender shall be given credit on the determinate sentence *** for time spent in custody as a result of the offense for which the sentence was imposed."

Section 5—7—1(d) of the Code (Ill. Rev. Stat. 1983, ch. 38, par. 1005—7—1(d)) provides, in part, that "[t]he term of the sentence shall be calculated upon the basis of the duration of its term rather than upon the basis of the actual days spent in confinement." In *People v. Scheib* (1979), 76 Ill. 2d 244, 390 N.E.2d 872, our supreme court discussed sections 5—8—7(b) and 5—7—1(d) of the Code. In *Scheib*, defendant had been sentenced to six weekends in jail, as an incident of probation, and the court calculated the duration of the term as 37 days. The supreme court ruled that section 5—7—2(c) of the Code (Ill. Rev. Stat. 1983, ch. 38, par. 1005—7—2(c)) plainly mandates that the credit to which Scheib was entitled must be determined on the basis of the duration of that portion of the 37-day term which he had served. In the case at bar, defendant was to serve periodic imprisonment for 60 days from January 2, 1984, through March 1, 1984. Evidence was introduced that defendant did not comply with the terms of his probation. Therefore, defendant is not entitled to 60 days' credit but he is entitled to credit for the time he actually served. (See *People v. Johns* (1984), 130 Ill. App. 3d 548, 549, 474 N.E.2d 739, 742.) The cause is remanded to the circuit court of Fayette County to determine the amount of credit defendant should receive on the 60-day work release.

The second incident of probation invoking jail time required defendant to serve weekends in the county jail for 13 months except the last weekend of the month. The duration of this term was 388 days (March 2, 1984, through March 24, 1985). However, defendant did not comply with this incident of probation, and his probation was, in fact, revoked prior to the expiration of this term of probation. Defendant should not receive credit on the basis of the duration of that portion of the 388-day term, but should receive credit for each day actually confined (*People v. Johns* (1984), 130 Ill. App. 3d 548, 549, 474 N.E.2d 739, 742) which he had served. This cause is also remanded to the circuit court of Fayette County to determine and to credit defendant for that part of the 388-day term which he had served.

The problem arises in what constitutes "duration of the term" under the facts in the case at bar where defendant has failed to

strictly comply with the conditions of his imprisonment. The supreme court was not faced with this situation in *Scheib*, as Scheib's probation was revoked on the basis that he had committed arson and not on the basis that he had failed to serve his periodic imprisonment. We believe that if defendant did not strictly comply with the provisions of his weekend incarceration, he should not receive credit for a full week or seven days.

It also appears that defendant was arrested on August 8, 1984, on a probation violation warrant and released on his recognizance on August 12, 1984. Defendant should also receive credit for this period of time against his sentence of imprisonment (Ill. Rev. Stat. 1983, ch. 38, par. 1005—8—7(b)) so long as credit for this period of time is not credited in the duration of time served in the 13 months of periodic imprisonment. To grant double credit would be improper. Relying on *People v. Kane* (1985), 136 Ill. App. 3d 1030, 484 N.E.2d 296, the State contends that defendant should not receive credit for the August 8, 1984, through August 12, 1984, period as he was also serving a sentence in No. 82—CF—40 at that time. *Kane* is distinguishable from the case at bar, as Kane requested credit for time on an unrelated charge. This court stated in *Kane* that section 5—8—7(b) only requires the granting of credit for time spent in custody as a result of "the offense for which the sentence was imposed." In the case at bar, the warrant was issued in the case at bar, and defendant was incarcerated pursuant to that warrant; therefore, defendant should receive credit for August 8 through 12, 1984, even though he might have been serving a sentence in another case.

For the foregoing reasons, the judgment of the circuit court is modified so that the sentence in the case at bar is to be served concurrently with Fayette County case No. 82—CF—40 and the cause is remanded to the circuit court of Fayette County to determine the credit defendant is to receive against his sentence of imprisonment in conformity with their order.

Affirmed as modified and remanded with directions.

JONES and HARRISON, JJ., concur.