THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. RICHARD L. HOOD, Defendant-Appellant.

Fourth District   No. 4—90—0118

Opinion filed October 31, 1990.

Daniel D. Yuhas and Jeffrey D. Foust, both of State Appellate Defender's Office, of Springfield, for appellant.

Scott H. Walden, State's Attorney, of Quincy (Kenneth R. Boyle, Robert J. Biderman, and James Majors, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE McCULLOUGH delivered the opinion of the court:
Defendant's sentence of 30 months' probation for aggravated bat-

tery was revoked after the trial court found defendant refused to submit to random drug testing while incarcerated, a condition of his probation. Defendant argues (1) the trial court abused its discretion in revoking his probation; and (2) he is entitled to credit against his three-year sentence of imprisonment for the time he served in jail while on probation. We affirm in part and remand with directions.

On June 22, 1989, defendant was sentenced to 30 months' probation for aggravated battery. Defendant was also ordered to serve a term of periodic imprisonment in the Adams County jail while on probation. On December 28, 1989, a petition to revoke defendant's probation was filed, alleging defendant failed to submit to a urine test on December 19, 1989, at the request of Adams County jail officials. On January 10, 1990, the trial court denied the petition, finding the condition that defendant submit to random drug testing while incarcerated was not made clear to defendant when he was sentenced to probation. The trial judge told defendant in open court that his sentence of probation was "modified to include random urinalysis at the discretion of the probation department and the Adams county jail" as a condition of probation.

On January 12, 1990, a second petition to revoke defendant's probation was filed, alleging that defendant, on January 11, 1990, refused to submit to a urine test at the request of his probation officer. At a hearing on the petition on January 25, 1990, the State presented the testimony of defendant's probation officer, Dan Brink. Brink testified he first asked defendant to submit to urinalysis at 3 p.m. on January 11. Defendant told Brink he could not perform the test at that time. Brink took defendant to a rest room in the police station, gave him the proper receptacle, and again asked defendant to submit to the test. Brink's second request for defendant to submit to the test occurred between 3:25 and 3:30 p.m. Brink stated he then gave defendant some liquid to drink and, between 4:05 and 4:15 p.m., asked defendant again to submit to testing. Defendant again stated he could not perform the test. Brink again asked defendant to submit to testing between 7:05 and 7:15 p.m. on the evening of January 11, and defendant again stated he could not do the test. Brink asked defendant at 8:15 a.m. on January 12, 1990, to perform the test, and defendant again stated he could not perform the test.

On cross-examination, Brink testified defendant submitted to testing on January 10, 1990, just prior to being released from jail after a two-week period of incarceration. Brink requested another test on January 11, 1990, when defendant returned to the Adams County jail from a two-hour work release. Brink stated that since defendant was

out of jail and had an opportunity to use drugs, he (Brink) wanted another urine test for drugs.

Following the hearing, the trial judge revoked defendant's probation. Noting a condition of defendant's probation was that he submit to random testing, the trial judge determined the probation department had given defendant more than adequate opportunity to comply with the request for a urine test.

On appeal, defendant argues the State's evidence failed to establish by a preponderance of the evidence that he refused to submit to urinalysis. Defendant maintains the State had to show, with medical evidence, that he could have performed the test but refused. Defendant speculates that conditions beyond his control, such as an inability to urinate on demand while nervous, could have been the actual reason why defendant could not perform the test.

■ Section 5—6—4(c) of the Unified Code of Corrections (Code) (Ill. Rev. Stat. 1989, ch. 38, par. 1005—6—4(c)) states the State must prove a violation of probation by a preponderance of the evidence. A trial court's decision to revoke probation will not be disturbed on review absent a finding of abuse of discretion. *People v. Cozad* (1987), 158 Ill. App. 3d 664, 669, 511 N.E.2d 211, 215, *cert. denied* (1988), 485 U.S. 964, 99 L. Ed. 2d 432, 108 S. Ct. 1233.

■ We find defendant's argument wholly without merit. The evidence showed defendant was given four opportunities to submit to testing on January 11, 1990, through January 12, 1990. The evidence further established defendant had no problem submitting to testing on demand on January 10, 1990. Defendant cites no relevant case authority for his proposition that the State had to present medical evidence of defendant's ability to perform the test. In fact, defendant's own actions on January 10, 1990, established defendant had no problem performing the urine test under conditions substantially similar to those existing on January 11, 1990, and January 12, 1990. Defendant's assertion that he may have been nervous on January 11, 1990, and January 12, 1990, and, thus, unable to perform the test, is mere speculation, unsupported by any facts. We find no abuse of discretion in the trial court's order revoking defendant's probation.

Defendant also argues, and the State concedes, that he is entitled to credit pursuant to section 5—7—2(c) of the Code (Ill. Rev. Stat. 1989, ch. 38, par. 1005—7—2(c)) against his three-year prison sentence for time served in jail while on probation. At sentencing, the trial judge stated defendant "will be given credit for time *** spent in jail since *** probation was revoked and given no credit for time spent on probation."

■■ Section 5—7—2(c) of the Code provides that after revocation, a defendant is entitled to credit for time served under a sentence of periodic imprisonment. (Ill. Rev. Stat. 1989, ch. 38, par. 1005—7—2(c).) The record establishes the trial judge disallowed any credit for time served on probation but stated defendant would be given credit for time he spent in jail after revocation. Defendant is entitled to credit for time served in periodic imprisonment. (*People v. Reznick* (1986), 141 Ill. App. 3d 593, 600, 491 N.E.2d 444, 448.) The record does not show the number of days defendant was incarcerated under periodic imprisonment or on straight incarceration. A remand is required for an accurate determination of defendant's credit against his three-year sentence.

For the foregoing reasons, we affirm the trial court's decision revoking defendant's probation and remand this cause for determination of the credit defendant is entitled to against his sentence of imprisonment for aggravated battery.

Affirmed in part and remanded with directions.

KNECHT, P.J., and STEIGMANN, J., concur.